**CIVIL MINUTES – GENERAL**     'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| R. Brent Wisner | Valerie Greenberg | |
| Adam Foster | Michael Wiess | |

**Proceedings:**    DEFENDANTS' MOTION TO DISIMISS FIRST AMENDED COMPLAINT IN CASE NO. 2:17-cv-02522-CAS-PLA (Dkt. 54, filed September 6, 2017)

DEFENDANTS' MOTION FOR ORDER TO TEMPORARILY STAY DISCOVERY AND, IF NECESSARY, TO THEN PHASE DISCOVERY IN CASE NO. 2:17-cv-02522-CAS-PLA (Dkt. 55, filed September 6, 2017)

DEFENDANTS' MOTION TO DISIMISS FIRST AMENDED COMPLAINT IN CASE NO. 2:17-cv-02559-CAS-PLA (Dkt. 53, filed September 6, 2017)

DEFENDANTS' MOTION FOR ORDER TO TEMPORARILY STAY DISCOVERY AND, IF NECESSARY, TO THEN PHASE DISCOVERY IN CASE NO. 2:17-cv-02559-CAS-PLA (Dkt. 54, filed September 6, 2017)

## I. INTRODUCTION

Plaintiffs MAO-MSO Recovery II, LLC, MSP Recovery, LLC, and MSPA Claims 1, LLC (collectively, "plaintiffs") bring these two related, putative class actions against defendants Farmers Insurance Exchange, Farmers Insurance Company, Inc., Farmers Insurance Company of Arizona, Farmers Insurance Company of Idaho, Farmers Insurance Company of Oregon, Farmers Insurance Company of Washington, Farmers Insurance Company of Columbus, Inc., Farmers New Century Insurance Company,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Farmers Texas Mutual Insurance Company, Illinois Farmers Insurance Company, and Texas Farmers Insurance Company (collectively, "defendants"). Plaintiffs allege that they are assignees of numerous, unidentified Medicare Advantage Organizations ("MAOs") and seek to recover double damages based on defendants' alleged failure to reimburse the MAOs for medical expenses that defendants were obligated to cover pursuant to the Medicare Secondary Payer Act ("MSPA"). 42 U.S.C. § 1395y(b).

     On March 31, 2017, plaintiffs filed a complaint in Case No. 2:17-cv-02559-CAS-PLA, alleging that defendants are responsible for paying the medical expenses of Medicare beneficiaries enrolled in MAO plans pursuant to the MSPA because the enrollees entered into settlement agreements with tortfeasors insured by defendants. On April 3, 2017, plaintiffs filed a separate but closely related complaint in Case No. 2:17-cv-02522-CAS-PLA, alleging that defendants' payment obligations under the MSPA arise from their issuance of no-fault automobile insurance policies to MAO enrollees injured in traffic accidents. After defendants filed motions to dismiss the complaints, plaintiffs amended both complaints as a matter of course on July 7, 2017, thereby rendering defendants' motions to dismiss moot. Case No. 17-2559, dkt. 36 ("Settlement FAC"); Case No. 17-2522, dkt. 38 ("No-Fault FAC").

     On September 6, 2017, defendants filed motions to dismiss the No-Fault and Settlement FACs on two grounds. First, defendants contend that both FACs fail to allege sufficient facts demonstrating that plaintiffs have Article III standing, and accordingly move to dismiss the complaints for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Second, defendants argue that the FACs fail to state a claim under Rule 12(b)(6) because plaintiffs do not allege sufficient facts showing defendants' responsibility for primary payment of the medical expenses at issue. Defendants further argue that the class action claims in both FACs should be dismissed or stricken. Case No. 17-2559, dkt. 53 ("Settlement MTD"); Case No. 17-2522, dkt. 54 ("No-Fault MTD"). Defendants also filed motions for orders to temporarily stay discovery in both cases. Case No. 17-2559, dkt. 54; Case No. 17-2522, dkt. 55. On September 22, 2017, plaintiffs filed combined oppositions to the motions to dismiss and the discovery motions. Case No. 17-2559, dkts. 59, 60 ("MTD Opp'n"); Case No. 17-2522, dkts. 60, 61. On September 29, 2017, defendants filed reply briefs. Case No. 17-2559, dkts. 64, 65; Case No. 17-2522, dkts. 65, 66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Having carefully considered the parties arguments, the Court concludes that plaintiffs have failed to allege sufficient facts to demonstrate Article III standing. Because standing is a threshold jurisdictional issue, the Court does not reach defendant's other bases for dismissal.

## II. BACKGROUND

### A. Statutory Framework

Medicare, enacted in 1965, is a federal health insurance program primarily benefitting those 65 years of age and older. See Social Security Amendments of 1965, Pub. L. No. 89–97, 79 Stat. 286 (codified as amended at 42 U.S.C. §§ 1395 to 1395kkk–1). The Medicare Act consists of five parts: Part A, Part B, Part C, Part D, and Part E. Parts A and B regulate the traditional fee-for-service Medicare program administered by the Centers for Medicare & Medicaid Services ("CMS"). See 42 U.S.C. §§ 1395c to 1395i–5; §§ 1395–j to 1395–w). Part C outlines the Medicare Advantage program—described in further detail below—wherein Medicare beneficiaries may elect to use private insurers, i.e., MAOs, to deliver their Medicare benefits. See 42 U.S.C. §§ 1395w–21–29. Part D provides for prescription drug coverage for Medicare beneficiaries, and Part E contains various miscellaneous provisions.

#### 1. Medicare Secondary Payer Act

In 1980, Congress enacted the MSPA in an effort to contain rising Medicare costs. See Omnibus Reconciliation Act of 1980, Pub. L. No. 96–499, 94 Stat. 2599 (codified as amended at 42 U.S.C. § 1395y(b)); see also Zinman v. Shalala, 67 F.3d 841, 843 (9th Cir. 1995). Prior to the MSPA's passage, Medicare often acted as a primary insurer, that is, Medicare paid for enrollees' medical expenses even if there was overlapping insurance coverage or when a third party had an obligation to pay for the expenses. The MSPA makes Medicare a "secondary payer" and shifts responsibility for medical payments to other group health plans, workers' compensation, no-fault and liability insurers, which are considered "primary plans." 42 U.S.C. § 1395y(b)(2). Specifically, the MPSA prohibits Medicare from paying for items or services if "payment has been made or can reasonably be expected to be made" by a primary payer. Id. § 1395y(b)(2)(A)(ii).

If a primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly," Medicare is authorized to make a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

"conditional payment." Id. § 1395y(b)(2)(B)(i). However, since Medicare remains the secondary payer, the primary payer must then reimburse Medicare for all conditional payments "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." Id. § 1395y(b)(2)(B)(ii). This responsibility may be demonstrated by "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." Id.

To facilitate recovery of these conditional payments, the MSPA provides for a right of action by the United States, for double damages, against "any or all entities that are or were required or responsible" to make payment under a primary plan. Id. § 1395y(b)(2)(B)(iii). In addition to the right of action by the United States, Congress in 1986 established "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99–509, 100 Stat. 1874 (codified as amended at 42 U.S.C. § 1395y(b)(3)(A)).

### 2. Medicare Advantage

In 1997, Congress enacted Medicare Part C, providing for private Medicare Advantage plans. Balanced Budget Act of 1997, Pub. L. No. 105–33, 111 Stat. 251 (codified as amended at 42 U.S.C. §§ 1395w–21 to w–28). Part C allows eligible participants to opt out of traditional Medicare and instead obtain benefits through MAOs, which receive a fixed payment from the CMS for each enrollee. 42 U.S.C. §§ 1395w–21, 1395w–23. Part C is intended to "allow beneficiaries to have access to a wide array of private health plan choices in addition to traditional fee-for-service Medicare. . . . [and] enable the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options." H.R. Rep. No. 105–149, at 1251 (1997).

Part C also includes a secondary payer provision that authorizes a MAO to charge a primary payer for medical expenses paid on behalf on an enrollee:

> Notwithstanding any other provision of law, a [MAO] may (in the case of the provision of items and services to an individual under a Medicare

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

[Advantage] plan under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) of this title) charge or authorize the provider of such services to charge, in accordance with the charges allowed under a law, plan, or policy described in such section—

(A) the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or

(B) such individual to the extent that the individual has been paid under such law, plan, or policy for such services.

42 U.S.C. § 1395w–22(a)(4). Although it is unclear based on this provision whether an MAO can avail itself of the MSPA private cause of action at § 1395y(b)(3)(A), CMS regulations state that an "[MAO] will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter." 42 C.F.R. § 422.108(f). In addition, both the Third and Eleventh Circuits have held that a MAO has a private right of action under the MSPA to recover conditional payments it made on behalf of its enrollees. See MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1361 (11th Cir. 2016); In re Avandia Marketing, Sales Practices, & Products Liability Litigation, 685 F.3d 353, 356, 367 (3d Cir. 2012).

### B. The No-Fault and Settlement FACs

Plaintiffs allege that "[n]umerous MAOs have assigned their recovery rights to assert the causes of action alleged" in the complaints to plaintiffs. As a part of those assignments, plaintiffs are "empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by the Defendants." Plaintiffs further allege that they "have been assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by [the MAOs]; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis." No-Fault FAC ¶¶ 44–47; Settlement FAC ¶¶ 41–44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

The No-Fault FAC alleges that defendants, as the no-fault insurance providers for certain Medicare beneficiaries, were required to reimburse numerous MAOs for payments made on behalf of their enrollees who were injured in automobile accidents. Plaintiffs explain the situation as follows: Medicare beneficiaries enrolled in MAO plans were involved in automobile accidents and suffered injuries as a result. No-Fault FAC ¶ 61. Following the accidents, the beneficiaries provided their Medicare insurance card to the medical provider. Id. ¶ 34. The bills were ultimately submitted to Medicare, and a MAO paid the bill. Id. ¶¶ 34, 61. However, because the beneficiaries are also covered by a no-fault insurance policy issued by defendants that includes coverage for medical expenses, defendants were obligated to pay for the medical expenses resulting from the accidents. Id. ¶¶ 38–43, 60–67. The complaint includes representative facts regarding two Florida residents, Ms. V.C. and Mr. S.H.F., who at the time of their automobile accidents possessed Personal Injury Protection ("PIP") policies issued by defendants, which required payment of medical expenses up to a $10,000 policy limit. Id. ¶ 67. However, the representative facts do not include the identity of the assignor MAO or the specific defendant that was allegedly responsible for the primary payment. Plaintiffs now seek reimbursement from defendants for the payments made by the numerous, unidentified MAOs on behalf of their Medicare enrollees. Plaintiffs assert a private cause of action under the MSPA for double damages, 42 U.S.C. § 1395y(b)(3)(A), and breach of contract by way of subrogation under 42 C.F.R. § 411.24(e). No-Fault FAC ¶¶ 75–95.

Similarly, the Settlement FAC asserts that as a result of settlement agreements entered into by tortfeasors insured by defendants and injured Medicare beneficiaries, defendants were obligated to reimburse the assignor MAOs for medical expenses paid on behalf of the beneficiaries. Settlement FAC ¶¶ 57–58. The complaint includes representative facts regarding two Florida residents, Mr. M.C. and Ms. C.N., who were injured in accidents by individuals insured by defendants. Following their claims against defendants' insureds, defendants indemnified their insured tortfeasors and made payments pursuant to settlements. Defendants failed to reimburse the respective MAOs for their enrollees' medical expenses. Id. ¶ 63. Again, however, the representative facts do not allege which MAO paid the expenses or the specific defendant that was responsible for payment under the MSPA. In the Settlement FAC, plaintiffs assert only a private cause of action under 42 U.S.C. § 1395y(b)(3)(A). Settlement FAC ¶¶ 67–77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

In both cases, plaintiffs seek to certify classes of "[a]ll non-governmental organizations, and/or their assignees that provide benefits under Medicare Part C, in the United States of America and its territories" who made payments for their enrollees' medical expenses that were not reimbursed by the defendants. No-Fault FAC ¶ 68; Settlement FAC ¶ 64.

### III. LEGAL STANDARD

Article III standing is jurisdictional and, therefore, a threshold inquiry. Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (en banc). The plaintiff has the burden of establishing the three elements of Article III standing: (1) that the plaintiff has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury was caused by, or is "fairly . . . trace[able] to the challenged action of the defendant;" and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (quotation marks and citations omitted). Generally, a plaintiff may only bring a claim on his own behalf, and may not raise claims based on the rights of another party. Pony v. Cty. of Los Angeles, 433 F.3d 1138, 1145 (9th Cir. 2006). However, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 773 (2000). Thus, "the assignee stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1291 (9th Cir. 2014).

Here, defendants make a facial attack on the sufficiency of the allegations in the FACs. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (in a facial attack under Fed. R. Civ. P. 12(b)(1), "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). A district court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Accordingly, the "plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)." Id. (citing Harris v. Rand, 682 F.3d 846, 850–51 (9th Cir. 2012). The Ninth Circuit also requires "[t]he party seeking to invoke the jurisdiction of the federal Courts" to allege at the pleading stage "specific facts sufficient to satisfy" all of the elements of standing. Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002); see also Baker v. United States, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.")

## IV. DISCUSSION

Defendants argue that plaintiffs lack standing because both FACs fail to allege sufficient facts showing that plaintiffs have suffered an "injury in fact." No-Fault MTD at 7; Settlement MTD at 7. Defendants make three basic arguments: (1) plaintiffs fail to allege sufficiently detailed facts demonstrating that any MAO was entitled to reimbursement under the MSPA from a defendant; (2) plaintiffs fail to sufficiently allege that any MAO validly assigned its rights of recovery to any plaintiff; and (3) plaintiffs' representative factual allegations regarding four individuals in Florida enrolled in plans offered by one or more unidentified MAOs cannot possibly support three plaintiffs' claims against eleven defendants in multiple states. Id. at 2, 7–8. Plaintiffs respond that the FACs sufficiently allege a concrete economic injury suffered by the MAOs and a clear allegation that the MAOs have assigned their recovery rights to plaintiffs. Plaintiffs maintain that nothing further is required under the Rule 8 notice pleading standard. MTD Opp'n at 5–6.

### A. **Boehringer** and **Mercury General**

Before addressing the parties' contentions, the Court notes that these plaintiffs have filed at least two similar actions in recent months, both of which have been dismissed for lack of standing. In MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc. ("Boehringer"), No. 1:17-CV-21996-UU, 2017 WL 4682335, (S.D. Fla. Oct. 10, 2017), plaintiffs seek to bring a class action against a Connecticut-based pharmaceutical company and the administrators of a multi-district-litigation settlement fund created to settle claims related to one of the company's drugs. Id. at *1. As in this case, plaintiffs allege they are the assignees of numerous, unidentified MAOs and have the right to recover payments under the MSPA for medical expenses that defendants failed to reimburse. Id. at *2–3. The district court reasoned that to establish standing, plaintiffs must show: "(1) that the MAOs suffered an injury (i.e., were not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

reimbursed when they were entitled to be), and (2) that the MAOs assigned their reimbursement rights to Plaintiffs." Id. at *4. Although plaintiffs pleaded facts showing that "the MAOs incurred reimbursable costs and were not reimbursed" out of the settlement fund, the court noted that plaintiffs "allege that they have valid assignment agreements from the MAOs, but they plead no facts supporting that legal conclusion." Accordingly, the court dismissed the action for lack of standing. Id. at *5.

Here in the Central District of California, plaintiffs filed two class action complaints, nearly identical to the FACs here, against another insurance company. See MAO-MSO Recovery II, LLC v. Mercury General ("Mercury General"), No. CV 17-2557-AB (FFMX), 2017 WL 5086293 (C.D. Cal. Nov. 2, 2017). In that case, the court also found plaintiffs' conclusory allegations regarding assignments by numerous MAOs insufficient to show that plaintiffs suffered an injury in fact. The court reasoned that it was "not obliged to accept as true Plaintiffs' legal conclusions that the assignments exist and are valid." Id. at *4. Rather, "Plaintiffs must allege facts sufficient to support these contentions, such as the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, and the essential terms." Id. (citing Boehringer, 2017 WL 4682335 at *4–5); see also In re Brooms, 447 B.R. 258, 265 (9th Cir. 2011) ("[i]n an action involving an assignment, a court must ensure that the plaintiff-assignee is the real party in interest with regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been made."); MVP Asset Mgmt. (USA) LLC v. Vestbirk, No. 2:10-CV-02483-GEB, 2012 WL 33043 (E.D. Cal. Jan. 6, 2012) (finding plaintiff's allegations insufficient to confer standing even where the date and parties to the assignment were alleged in the complaint). Accordingly, the court dismissed the complaints for lack of standing. Id.

Accordingly, in order to demonstrate that plaintiffs suffered an injury in fact, plaintiffs must plead facts showing (1) that the MAOs themselves suffered an injury in fact (i.e., the MAOs were not reimbursed for their enrollees' medical expenses by defendants who were responsible for primary payment under the MSPA); and (2) that the MAOs validly assigned their rights of recovery to plaintiffs. Boehringer, 2017 WL 4682335, at *4.

B.  Standing in Multi-Defendant Class Actions

However, the two putative class actions before this Court pose a further difficulty, not present in Mercury General and Boehringer, because plaintiffs here seek to assert the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) <br> 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

claims of numerous MAOs against eleven separate defendants. Defendants argue that the representative facts in the FAC regarding a handful of Florida residents and one or more unidentified MAOs cannot support standing for all three plaintiffs' claims against eleven different corporate defendants in multiple states. Defendants protest that the "numbers just don't add up." Reply at 4. Plaintiffs contend that they are not "require[d] to allege, for each plaintiff and each defendant, a representative claim" in order to have "standing under Rule 8." MTD Opp'n at 8.

"Standing is a jurisdictional element that must be satisfied prior to class certification." Lee v. State of Or., 107 F.3d 1382, 1390 (9th Cir. 1997) (internal quotation omitted). Thus, at this stage in the proceedings, the only claims against defendants are plaintiffs' individual claims, which must be justiciable in order to withstand a motion to dismiss. See Blyden v. Navient Corp., No. EDCV 14–02456–JGB (KKx), 2015 WL 4508069, at *7 (C.D. Cal. July 23, 2015) (addressing the named plaintiff's individual standing prior to class certification "is consistent with the practice of nearly all district courts to face the issue," and collecting cases); see also In re Carrier IQ, Inc., No. C–12–MD–2330 EMC, 2015 WL 274054, at *9 (N.D. Cal. Jan. 21, 2015) ("[O]nce threshold standing is established, the Court has the power to certify the class before addressing the standing of unnamed class members"); Garrison v. Whole Foods Mkt. Grp., Inc., No. 13–CV–05222–VC, 2014 WL 2451290, at *4 (N.D. Cal. June 2, 2014) (addressing plaintiff's standing to pursue individual claims before looking to commonality with respect to class claims); In re Actimmune Mktg. Litig., 614 F. Supp. 2d 1037, 1053–54 (N.D. Cal. 2009) (focusing its "instant inquiry on the standing concerns that presently exist for the individual plaintiffs").

To satisfy the traceability requirement of Article III standing—i.e., a causal connection between the injury and the actions complained of—"a class action plaintiff must 'allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.'" Easter v. Am. West Fin., 381 F.3d 948, 961 (9th Cir. 2004) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). Accordingly, in a class action "at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004). "This is not to say that each named plaintiff must have a claim against each named defendant . . . . Rather, what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant." Id.;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

see also Cady v. Anthem Blue Cross Life & Health Ins. Co., 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (participant in group health plan had standing to bring ERISA claim only against his plan's administrator and cannot assert claims against other insurers on behalf of a putative class who would have standing); Siemers v. Wells Fargo & Co., No. 05–cv–04518 WHA, 2006 WL 3041090, at *5–7 (N.D. Cal. Oct. 24, 2006) (named plaintiff lacked standing to assert securities fraud and related claims against a broker-dealer with whom plaintiff had not opened an account).

Here, the Court finds Lee v. American Nat. Ins. Co., 260 F.3d 997 (9th Cir. 2001) instructive. In that case, the Ninth Circuit held that a plaintiff who purchased life insurance policies from American National Insurance Company ("ANI") lacked standing to represent a putative class of plaintiffs who had bought similar policies from American National Life Insurance Company of Texas ("ANTEX"), a wholly owned subsidiary of ANI. The court concluded that "because Lee had not purchased an ANTEX policy, he could not demonstrate that he had suffered an actual injury and therefore could not establish standing to bring suit in federal court." Id. at 999. Thus, even if defendants in this case are related corporate entities, "for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant." Henry, 223 F.R.D. at 544. The fundamental flaw with plaintiffs' pleadings is that there are no factual allegations tracing any individual assignor MAO's injury to any single defendant. The representative facts regarding four individuals in Florida do not identify which MAOs are involved, and include only blanket allegations against all defendants. See No-Fault FAC ¶ 67; Settlement FAC ¶ 63. Accordingly, the Court finds that the FACs lack sufficient facts to demonstrate plaintiffs' standing to assert claims against any of the defendants.

    C.    **Showing of MAO Injury and Assignment**

Defendants argue that in order to satisfy the "injury in fact" requirement, plaintiffs must plead specific facts showing that the MAOs were entitled to reimbursement under the MSPA. No-Fault MTD at 7; Settlement MTD at 7. Specifically, defendants contend the FACs must allege that: (1) a medical bill was sent to the defendant for treatment of an insured who was also a Medicare enrollee; (2) the treatment was "reasonable and necessary" in relation to the alleged accident; (3) there was appropriate coverage under that defendant's insurance policy, which had not been exhausted; (4) the defendant did not pay the bill; and (5) the MAO paid the bill. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx) 2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

Plaintiffs contend that the representative facts in the FACs are sufficient to demonstrate that the MAOs were entitled to reimbursement under the MSPA. MTD Opp'n at 5–6. Notwithstanding the previously discussed deficiencies in terms of tracing the MAOs' alleged injuries to a specific defendant, the Court finds that the representative facts are generally sufficient to demonstrate injury in fact. See Boehringer, 2017 WL 4682335, at *4 (plaintiffs demonstrated that MAOs suffered injury by alleging that (1) the MAOs' enrollees suffered injuries, and the MAOs paid for treatment of those injuries; (2) the enrollees entered into settlement agreements with defendants; and (3) defendants had not reimbursed the MAOs for the cost of then enrollees' treatment). Accordingly, plaintiffs need only allege facts demonstrating that the MAOs' "incurred reimbursable costs and were not reimbursed." Id.

However, following both Boehringer and Mercury General, the Court finds that plaintiffs have failed to allege sufficient facts demonstrating valid assignments by the MAOs. At this stage in the proceedings, plaintiff need only "show that the facts alleged, if proved, would confer standing." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003). But plaintiffs "must allege facts, not mere legal conclusions" in order to withstand a motion to dismiss. Leite, 749 F.3d at 1121. Here, plaintiffs allege that they have valid assignment agreements from the MAOs, but they plead no facts supporting that legal conclusion. Plaintiffs fail to allege the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, or the essential terms. Although the Ninth Circuit does not require "terms of art . . . for a valid assignment," United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 748 (9th Cir. 1993), general contract principles apply, and accordingly plaintiffs should, at the very least, plead the identity of the parties to the assignments and their essential terms. See Parrish v. NFL Players Ass'n, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007) (in an action for breach of contract, plaintiff "must allege the substance of its relevant terms"); see also Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (holding that to prove the existence of a contract, a plaintiff must plead "sufficient specification of the essential terms."). Accordingly, the Court finds that the FACs lack sufficient facts to allow it to infer the validity of the purported MAO assignments.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' Rule 12(b)(1) motions to dismiss the No-Fault FAC (Case No. 17-2522, dkt. 38) and the Settlement

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS(PLAx)<br>2:17-cv-02559-CAS(PLAx) | Date | November 20, 2017 |
| Title | MAO-MSO RECOVERY II, LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

FAC (Case No. 17-2559, dkt. 36). The FACs are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have twenty-one (21) days from the date of this order to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

Because the FACs have been dismissed without prejudice, the Court **DENIES** as moot defendants' motions to stay discovery (Case No. 17-2559, dkt. 54; Case No. 17-2522, dkt. 55).

**IT IS SO ORDERED.**

|  | 00 : 07 |
|---|---|
| Initials of Preparer | CMJ |