**AKERMAN LLP**
Valerie Greenberg (FBN 26514)
Email: valerie.greenberg@akerman.com
Stacy J. Rodriguez (FBN 44109)
Email: stacy.rodriguez@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street, Suite 11
Miami, Florida 33131
Telephone:  (305) 374-5600

Michael R. Weiss (SBN 180946)
Email: michael.weiss@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity, <br><br> Plaintiffs, <br><br> vs. <br><br> FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE OF COLUMBUS, INC.; FARMERS NEW CENTURY INSURANCE COMPANY; 21ST CENTURY INSURANCE COMPANY; 21ST CENTURY CENTENNIAL INSURANCE COMPANY; COAST NATIONAL INSURANCE COMPANY; 21ST CENTURY INDEMNITY INSURANCE COMPANY; 21ST CENTURY NORTH AMERICA INSURANCE COMPANY, 21ST CENTURY PREFERRED INSURANCE COMPANY; FOREMOST SIGNATURE INSURANCE COMPANY, <br><br> Defendants. | Case No.  2:17-cv-02559-CAS-PLA <br><br> Judge:  Hon. Christina A. Snyder <br> Courtroom: 8D <br><br> **DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# ANSWER TO COMPLAINT

Defendants Farmers Insurance Exchange, Farmers Insurance of Columbus, Inc. (erroneously named by plaintiffs as Farmers Insurance Company of Columbus, Inc.), Farmers New Century Insurance Company, 21st Century Insurance Company, 21st Century Centennial Insurance Company, Mid-Century Insurance Company, 21st Century North America Insurance Company, 21st Century Indemnity Insurance Company, 21st Century Preferred Insurance Company, Foremost Signature Insurance Company, Coast National Insurance Company, and Foremost Insurance Company Grand Rapids, Michigan (erroneously named by plaintiffs as Farmers Insurance Company Grand Rapids, Michigan) (collectively, "Defendants"), hereby answer the Third Amended Class Action Complaint ("Complaint") filed by Plaintiffs MSP Recovery Claims, Series LLC and MSPA Claims 1, LLC (collectively, "Plaintiffs") in the above-captioned matter as follows:

1. In answer to paragraph 1 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

2. In answer to paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

3. In answer to paragraph 3 of the Complaint, including without limitation footnote no. 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

4. In answer to paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT

46268971;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5.      In answer to paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

6.      In answer to paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

7.      In answer to paragraph 7 of the Complaint, Defendants state that the plaintiffs purport to sue under a federal statute 42 U.S.C. § 1395y(b)(3)(A) and otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

8.      In answer to paragraph 8 of the Complaint, Defendants admit that Defendants are authorized, or during the relevant time period were authorized, to do business in California but deny the remaining allegations contained in said paragraph.

9.      In answer to paragraph 9 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

10.     In answer to paragraph 10 of the Complaint, Defendants admit that Congress enacted the Medicare Act.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

11.     In answer to paragraph 11 of the Complaint, Defendants admit that the Medicare Act includes Parts A, B, C, D and E, that the statutes cited in the paragraph concern the Medicare Act and that the statutes speak for themselves.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

1   and on that basis deny each and every remaining allegation contained in said

2   paragraph.

3       12.    In answer to paragraph 12 of the Complaint, Defendants admit that

4   Congress enacted the Medicare Secondary Payer Act, which Act speaks for itself and

5   the paragraph contains assertions about the law to which an admission or denial by

6   Defendants regarding fact allegations are not elicited.  Except as expressly admitted,

7   Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the remaining allegations contained in said paragraph, and on that basis deny

9   each and every remaining allegation contained in said paragraph.

10      13.    In answer to paragraph 13 of the Complaint, Defendants admit that 42

11  U.S.C. § 1395y concerns the Medicare Secondary Payer Act, which Act speaks for

12  itself and the paragraph contains assertions about the law to which an admission or

13  denial by Defendants regarding fact allegations are not elicited.  To the extent

14  otherwise required, and except as expressly admitted, Defendants are without

15  knowledge or information sufficient to form a belief as to the truth of the remaining

16  allegations contained in said paragraph, and on that basis deny each and every

17  remaining allegation contained in said paragraph.

18      14.    In answer to paragraph 14 of the Complaint, Defendants state that the

19  cited statutes and regulations speak for themselves, and the paragraph contains

20  assertions about the law to which an admission or denial by Defendants regarding fact

21  allegations are not elicited.  To the extent otherwise required, Defendants deny each

22  and every remaining allegation contained in said paragraph.

23      15.    In answer to paragraph 15 of the Complaint, Defendants state that the

24  cited statute speaks for itself and the paragraph contains assertions about the law to

25  which an admission or denial by Defendants regarding fact allegations are not

26  elicited.  To the extent otherwise required, and except as expressly admitted,

27  Defendants are without knowledge or information sufficient to form a belief as to the

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

1    truth of the remaining allegations contained in said paragraph, and on that basis deny

2    each and every remaining allegation contained in said paragraph.

3         16.    In answer to paragraph 16 of the Complaint, Defendants state that the

4    cited statutes and regulations speak for themselves, that Defendants may or may not

5    be primary payers and plans depending on the individual policies, individual

6    accidents, individual medical bills, individual settlements and individual claims, and

7    that except as expressly admitted, Defendants are without knowledge or information

8    sufficient to form a belief as to the truth of the remaining allegations contained in said

9    paragraph, and on that basis deny each and every remaining allegation contained in

10   said paragraph.

11        17.    In answer to paragraph 17 of the Complaint, Defendants are without

12   knowledge or information sufficient to form a belief as to the truth of the allegations

13   contained in said paragraph, and on that basis deny each and every allegation

14   contained in said paragraph.

15        18.    In answer to paragraph 18 of the Complaint, including without limitation

16   footnote no. 3, Defendants admit that the Medicare Act includes Part C, which speaks

17   for itself and the paragraph contains assertions about the law to which an admission or

18   denial by Defendants regarding fact allegations are not elicited. To the extent

19   otherwise required, and except as expressly admitted, Defendants are without

20   knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations contained in said paragraph, and on that basis deny each and every

22   remaining allegation contained in said paragraph.

23        19.    In answer to paragraph 19 of the Complaint, Defendants admit that the

24   statutes cited in the paragraph concern the Medicare Secondary Payer Act.  Except as

25   expressly admitted, Defendants are without knowledge or information sufficient to

26   form a belief as to the truth of the remaining allegations contained in said paragraph,

27   and on that basis deny each and every remaining allegation contained in said

28   paragraph.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

46268971;1

20.     In answer to paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

21.     In answer to paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

22.     In answer to paragraph 22 of the Complaint, Defendants admit that the statute cited in the paragraph concerns the Medicare Secondary Payer Act.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

23.     In answer to paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

24.     In answer to paragraph 24 of the Complaint, including without limitation footnote no. 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

25.     In answer to paragraph 25 of the Complaint, Defendants admit that persons who receive benefits through Medicare and who elect to receive benefits through an MAO/MA Plan are considered Medicare beneficiaries, and the regulation cited in the paragraph concerns the Medicare Secondary Payer Act.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and on that basis deny each and every remaining allegation contained in said paragraph.

26.    In answer to paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

27.    In answer to paragraph 27 of the Complaint, Defendants admit that the statute cited in the paragraph states in part the language quoted in the paragraph. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

28.    In answer to paragraph 28 of the Complaint, Defendants admit that the statute cited in the paragraph states in part the language quoted in the paragraph. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

29.    In answer to paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

30.    In answer to paragraph 30 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

31.    In answer to paragraph 31 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

32.    In answer to paragraph 32 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT
46268971;1

33.   In answer to paragraph 33 of the Complaint, Defendants admit that 42 U.S.C. § 1395y(b)(3)(A) states "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

34.   In answer to paragraph 34 of the Complaint, including without limitation footnote no. 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

35.   In answer to paragraph 35 of the Complaint, Defendants admit that Congress enacted the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA"), which speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, and except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

36.   In answer to paragraph 36 of the Complaint, including without limitation footnote no. 6, Defendants state that the statutes and regulations cited in said paragraph speak for themselves and do not elicit an admission or denial from Defendants.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.

37.   In answer to paragraph 37 of the Complaint, including without limitation footnote no. 7, Defendants state that the statutes and regulations cited in said paragraph speak for themselves and do not elicit an admission or denial from

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendants.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.

38.   In answer to paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

39.   In answer to paragraph 39 of the Complaint, Defendants state the statute cited in said paragraph speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, Defendants deny each and every allegation contained in said paragraph.

40.   In answer to paragraph 40 of the Complaint, Defendants state the statute cited in said paragraph speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, Defendants deny each and every allegation contained in said paragraph.

41.   In answer to paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

42.   In answer to paragraph 42 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

43.   In answer to paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

44.     In answer to paragraph 44 of the Complaint, Defendants admit that Farmers Insurance Exchange is an inter-insurance exchange organized under the laws of the State of California and has its principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

45.     In answer to paragraph 45 of the Complaint, Defendants deny that Farmers Insurance Company of Arizona is a party or defendant in this action. Defendants admit that Farmers Insurance Company of Arizona is an Arizona company with its principal place of business located at 2400 N. Farmers Way, Phoenix, Arizona 85085.  Except as expressly admitted, Defendants deny each and every allegation contained in said paragraph.

46.     In answer to paragraph 46 of the Complaint, Defendants admit that Farmers Insurance of Columbus, Inc. (erroneously sued herein as Farmers Insurance Company of Columbus, Inc.) is an Ohio company with its principal place of business located at 2500 Farmers Drive, Columbus, Ohio 43235.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

47.     In answer to paragraph 47 of the Complaint, Defendants admit the allegations contained in said paragraph.

48.     In answer to paragraph 48 of the Complaint, Defendants admit the allegations contained in said paragraph.

49.     In answer to paragraph 49 of the Complaint, Defendants deny that Security National Insurance Company is a party or defendant in this action. Defendants admit that Security National Insurance Company is a Florida company with its principal place of business located at 900 S. Pine Island Road, Suite 600, Plantation, Florida 33324.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50.    In answer to paragraph 50 of the Complaint, Defendants admit the allegations contained in said paragraph.

51.    In answer to paragraph 51 of the Complaint, Defendants admit the allegations contained in said paragraph.

52.    In answer to paragraph 52 of the Complaint, Defendants admit the allegations contained in said paragraph.

53.    In answer to paragraph 53 of the Complaint, Defendants admit the allegations contained in said paragraph.

54.    In answer to paragraph 54 of the Complaint, Defendants admit the allegations contained in said paragraph.

55.    In answer to paragraph 55 of the Complaint, Defendants admit the allegations contained in said paragraph.

56.    In answer to paragraph 56 of the Complaint, Defendants admit that Coast National Insurance Company is a California company with its principal place of business located at 333 S. Anita Drive, Suite 150, Orange, California 92868.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

57.    In answer to paragraph 57 of the Complaint, Defendants admit that Foremost Insurance Company Grand Rapids, Michigan (erroneously sued herein as Farmers Insurance Company Grand Rapids Michigan) is a Michigan company with its principal place of business located at 5600 Beech Tree Lane, Caledonia, Michigan 49316.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

58.    In answer to paragraph 58 of the Complaint, Defendants deny the allegations contained in said paragraph.

59.    In answer to paragraph 59 of the Complaint, including without limitation footnote no. 8, Defendants are without knowledge or information sufficient to form a

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

60.    In answer to paragraph 60 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

61.    In answer to paragraph 61 of the Complaint, including without limitation footnote no. 9, Defendants deny each and every allegation contained in said paragraph.

62.    In answer to paragraph 62 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

63.    In answer to paragraph 63 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

64.    In answer to paragraph 64 of the Complaint, Defendants admit that the statute cited in the paragraph states in part the language quoted in the paragraph. Defendants state that the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

65.    In answer to paragraph 65 of the Complaint, including without limitation footnote no. 10, Defendants state that the cited statutes and regulation speaks for themselves and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited. To the extent otherwise required, and except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

66.    In answer to paragraph 66 of the Complaint, including without limitation footnote no. 11, Defendants state the regulations speak for themselves and otherwise deny each and every allegation contained in said paragraph.

67.    In answer to paragraph 67 of the Complaint, including without limitation footnote no. 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

68.    In answer to paragraph 68 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

69.    In answer to paragraph 69 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

70.    In answer to paragraph 70 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

71.    In answer to paragraph 71 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

72.    In answer to paragraph 72 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2:17-cv-02559-CAS-PLA
**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

73.     In answer to paragraph 73 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

74.     In answer to paragraph 74 of the Complaint, including without limitation footnote no. 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

75.     In answer to paragraph 75 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

76.     In answer to paragraph 76 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

77.     In answer to paragraph 77 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

78.     In answer to paragraph 78 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

79.     In answer to paragraph 79 of the Complaint, including without limitation footnote no. 14, Defendants admit that the Court issued an Order ordering the parties

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

to engage, and the parties did engage, in the exchange of information concerning Plaintiffs' purported assignors and purported assigned claims and concerning the identification of insurers which may have issued policies providing coverage for Plaintiffs' purported assigned claims, and Defendants deny that Defendants have any further obligation to continue to provide additional information as they have complied with said Court Order.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.[1]

80.    In answer to paragraph 80 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

81.    In answer to paragraph 81 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

82.    In answer to paragraph 82 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

83.    In answer to paragraph 83 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[1]  Defendants have requested from Plaintiffs but have not received from Plaintiffs as of the deadline for filing this Answer the names that correspond to the initials used in paragraphs 79 through 93.  Therefore, at this time, Defendants are without information sufficient to conclusively admit or deny fact allegations regarding any of these individuals.

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

84.     In answer to paragraph 84 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

85.     In answer to paragraph 85 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

86.     In answer to paragraph 86 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

87.     In answer to paragraph 87 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

88.     In answer to paragraph 88 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

89.     In answer to paragraph 89 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

90.     In answer to paragraph 90 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

91.    In answer to paragraph 91 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

92.    In answer to paragraph 92 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

93.    In answer to paragraph 93 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

94.    In answer to paragraph 94 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

95.    In answer to paragraph 95 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

96.    In answer to paragraph 96 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

97.    In answer to paragraph 97 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT
46268971;1

98.     In answer to paragraph 98 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

99.     In answer to paragraph 99 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

100.    In answer to paragraph 100 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

101.    In answer to paragraph 101 of the Complaint, the alleged putative class definition speaks for itself.   Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

102.    In answer to paragraph 102 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

103.    In answer to paragraph 103 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

104.    In answer to paragraph 104 of the Complaint, Defendants restate and incorporate by reference Defendants' responses to paragraphs 1 through 103 herein.

105.    In answer to paragraph 105 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

106.    In answer to paragraph 106 of the Complaint, Defendants admit that 42 U.S.C. § 1395y(b)(3)(A) states "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)."

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**

46268971;1

Except as expressly admitted, Defendants deny the remaining allegations contained in said paragraph.

107.   In answer to paragraph 107 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

108.   In answer to paragraph 108 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

109.   In answer to paragraph 109 of the Complaint, Defendants deny an obligation to "administratively appeal the MAOs/MA Plans' right to reimbursement," and deny each and every remaining allegation contained in said paragraph.

110.   In answer to paragraph 110 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

111.   In answer to paragraph 111 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

112.   In answer to paragraph 112 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

113.   In answer to paragraph 113 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

114.   In answer to paragraph 114 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

115.   In answer to paragraph 115 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

116.   In answer to paragraph 116 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

117.   In answer to paragraph 117 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

118.   In answer to paragraph 118 of the Complaint, including without limitation sub-paragraphs a through d therein, Defendants deny each and every allegation contained in said paragraph.

119.   In answer to paragraph 119 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

120.   In answer to paragraph 120 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

121.   In answer to paragraph 121 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

122.   In answer to paragraph 122 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

123.   In answer to paragraph 123 of the Complaint, Defendants state Plaintiffs purport to seek an alternative National Issues Class but otherwise deny each and every allegation contained in said paragraph.

124.   In answer to paragraph 124 of the Complaint, Defendants admit that Federal Rules of Civil Procedure Rule 23(c)(4) states "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

125. In answer to paragraph 125 of the Complaint, including without limitation sub-paragraphs a through f therein, Defendants deny each and every allegation contained in said paragraph.

126. In answer to paragraph 126 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

127. In answer to paragraph 127 of the Complaint, including without limitation sub-paragraphs "g" through "j" therein, Defendants deny each and every allegation contained in said paragraph.

128. In answer to paragraph 128 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

129. In answer to paragraph 129 of the Complaint, Defendants state Plaintiffs purport to demand a trial by jury and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

130. In answer to the Prayer for Relief set forth in paragraph 130, including without limitation sub-paragraphs a, b, c and c(i) through c(v), Defendants deny each and every allegation and prayer for relief contained in said paragraphs.

## AFFIRMATIVE DEFENSES TO COMPLAINT

Without waiver of their rights to assert any additional affirmative defenses as may be revealed through discovery, Defendants assert the following separate affirmative defenses to the Complaint:

1. Venue in this Court is not proper. In support of this affirmative defense, Defendants allege the following: Plaintiffs allege in conclusory fashion that "[v]enue is proper before this Court pursuant to 28 U.S.C. § 1391." Complaint ¶ 9. This is Plaintiffs' only allegation regarding a basis for venue in this Court. Contrary to Plaintiffs' allegation, however, the rest of the Complaint specifically establishes that

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    venue is in fact not proper here.  The Complaint concedes that not all defendants

2    reside in California, in that the Complaint alleges that at least 9 of the Defendants

3    reside in states other than California; namely, *Arizona, Ohio, Illinois, New York,*

4    *Pennsylvania, and Michigan*.   Complaint ¶¶ 45, 46, 47, 50, 52, 53, 54, 55 and 57.

5    Further, the Complaint alleges that at least 10 of the Defendants are non-California

6    companies with principal places of business outside of California, and that 10 of the

7    Defendants indemnified insureds and made settlement payments to non-California

8    residents whose medical expenses were allegedly paid by a purported non-California

9    Assignors, which Assignors allegedly assigned their rights to pursue claims under

10   agreements governed by the laws of states other than California.  Complaint ¶¶ 44-57,

11   68-78, 79-93.

12          2.      Defendants are improperly joined with each other.  In support of this

13   affirmative defense, Defendants allege the following:  Under Fed. R. Civ. P. Rule

14   20(a)(2), defendants "may be joined in one action as defendants if (A) any right to

15   relief is asserted against them jointly, severally, or in the alternative with respect to or

16   arising out of the same transaction, occurrence, or series of transactions or

17   occurrences; and (B) any question of law or fact common to all defendants will arise

18   in the action."  *Id*.  The first prong of Rule 20(a)(2) test for permissive joinder, the

19   "same transaction or occurrence" requirement, "refers to the similarity in the factual

20   background of a claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

21   Here, the claims against each of the Defendants do not arise "out of the same

22   transaction or occurrence" as the claims against the other 11 defendants.  There are 12

23   defendants against which Plaintiffs allege 13 unique claims.  The claims arise out of

24   distinct alleged accidents, distinct purported insurance or Medicare claims, distinct

25   settlements with individuals, and are distinct in time, place and parties; they are

26   brought on behalf of different Assignors and via different sets of purported

27   assignments; and they have entirely separate legal analyses for the affirmative claims

28   and defenses.  Where, as here, there are distinct factual allegations as to each party,

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

21                                                                    2:17-cv-02559-CAS-PLA

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**

and no concert between the parties, the "same transaction or occurrence" test cannot be satisfied. *See Nassau County Ass'n. of Insurance Agents, Inc. v. Aetna Life & Casualty Co*., 497 F.2d 1151, 1154 (2d Cir. 1974) (finding misjoinder of insurance defendants where there was no showing of a right to relief from the same transaction or series of transactions or allegation of conspiracy or other concert of action).

3.    Plaintiffs do not have standing to assert the claims alleged in the Complaint.  In support of this affirmative defense, Defendants allege among other things the following:  The agreements on which Plaintiffs rely to give them standing convey nothing to the named Plaintiffs.  They are facially defective and do not even confer standing to bring this lawsuit against Defendants and, therefore, dismissal is required.  None of the agreements specifically state what is being "assigned", and they permit either party to terminate at any time without cause. Therefore, with respect to the alleged "assignments," the two named Plaintiffs here are not the ultimate "assignees" of anything and have <u>no</u> standing to sue.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).    Further, the agreements are contingency-based collections agreements, not irrevocable assignments of rights to ownership of receivables and the ability to sue to collect such receivables as alleged.   The agreements permit the assignees to attempt to locate and collect unidentified "costs already paid for and/or generate revenue on a fee for services provided and/or shift current expenses incurred."    Anything less than a complete "assignment" of "title" to a claim is insufficient to confer standing. *Cortlandt Street Recovery Corp. v. Hellas Telecomms*., 790 F.3d 411, 418-20 (2d Cir. 2015) (finding that "assignment" of the right to collect payment or pursue remedies does not confer standing if plaintiff does not hold "legal title to, or a proprietary interest in, the claim") (internal citations omitted).  Moreover, the rights to terminate the so-called assignments at any time nullifies any purported assignment because Plaintiffs cannot sue under an "assignment" when the assignor has the ability to revoke its consent to collect on the claims at any time and for any

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   reason (effectively rendering the purported "assignment" void). *See e.g., Prince of*
2   *Peace Enter., Inc. v. Top Quality Food Mkt., LLC*, No. 07 CIV. 00349 (RJH), 2007
3   WL 704171, at *3 (S.D.N.Y. Mar. 7, 2007), adhered to on denial of reconsideration,
4   496 F. Supp. 2d 354 (S.D.N.Y. 2007) (distributorship agreement that plaintiff claimed
5   to be "assignment" explicitly permitted assignor to terminate and merely granted
6   rights to use and enforce trademarks, and thus it was held to be "[u]nlike an
7   assignment, which is an irrevocable transfer of all rights").  In addition, specifically as
8   to each purported assignor:

9              a.      Assignor SummaCare, Inc.

10          Plaintiffs allege that SummaCare, Inc. entered into a collections agreement
11   (titled "Recovery Agreement") with MSP Recovery, LLC; and then MSP Recovery,
12   LLC entered into another agreement (titled "Assignment") and allegedly assigned the
13   rights obtained in the recovery Agreement to an entity named "Series 16-11-509
14   LLC".  That is the end of the series of transactions – yet significantly it does not end
15   with either of the Plaintiffs here.  Plaintiff MSPA Claims I, LLC is <u>not</u> even
16   mentioned.  Therefore, these named Plaintiffs are not the ultimate "assignees" of
17   anything and have <u>no</u> standing to sue.  Also, the pertinent agreements are facially and
18   materially flawed and cannot be relied upon by these Plaintiffs to sue. The signatories
19   of both parties to the document titled Assignment appear to be persons signing on
20   behalf of entities other than the parties to the agreement, with no explanation
21   whatsoever (e.g., Series 16-11-509 LLC has as its signatory "Series MRCS, LLC, its
22   Manager, John H. Ruiz.)."

23              b.      Assignor Reliance ACO LLC.

24          Plaintiffs allege that Reliance ACO LLC entered into a collections agreement
25   (titled "Recovery Agreement") with MSP Recovery Claims Series, LLC; then MSP
26   Recovery Claims Series, LLC entered into another agreement (titled "Assignment")
27   with an entity called "Series 17-02-564 LLC" and allegedly assigned its rights
28   obtained in the Recovery Agreement to Series 17-02-564 (neither of the named

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

Plaintiffs).  That is the end of the series of transactions – yet significantly it does not end with either of the Plaintiffs here.  Plaintiff MSPA Claims 1, LLC is <u>not</u> even mentioned.  Therefore, these named Plaintiffs are not the ultimate "assignees" of anything and have <u>no</u> standing to sue.

           c.    <u>Assignor Emblem Health Services</u>.

Plaintiffs allege that Emblem Health Services entered into a collections agreement (titled "Assignment Agreement") with Series 16-08-483, a designated series of MSP Recovery Claims, Series LLC, and MSP Recovery, LLC.  Neither of these entities is a plaintiff here.  Plaintiff MSPA Claims 1, LLC is <u>not</u> even mentioned.  Therefore, the named Plaintiffs are not the ultimate "assignees" of anything and have <u>no</u> standing to sue.

           d.    <u>Assignor Plum Healthcare, LLC</u>.

Plaintiffs allege that Plum Healthcare, LLC entered into a collections agreement (titled "Recovery Agreement") with MSP Recovery, LLC; then MSP Recovery, LLC and MSP Recovery 16-125, LLC entered into another agreement (titled "Assignment") with Series 16-10-504 LLC, a series of MSP Recovery Claims, Series LLC, and allegedly assigned its rights obtained in the Recovery Agreement to Series 16-10-504 LLC.  That is the end of the series of transactions – yet significantly it does not end with either of the Plaintiffs here.  Neither of the two Plaintiffs is a party to any of these transactions.  Therefore, the alleged Assignor is not a party to any agreement; and these named Plaintiffs are not the ultimate "assignees" of anything and have <u>no</u> standing to sue.  Also, the pertinent agreements are facially and materially flawed and cannot be relied upon by these Plaintiffs to sue. The signatories of both parties to the document titled Assignment appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 16-10-504 LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz.)."

           e.    <u>Assignor Florida Health Care Plus</u>.

Plaintiffs allege that Florida Health Care Plus entered into a contingency

collections agreement (titled "La Ley Recovery Systems Agreement") with La Ley Recovery Systems, Inc. on April 15, 2014.  Plaintiffs then allege that La Ley Recovery Systems, Inc. entered into a subsequent agreement under which it assigned its right to recover conditional payments under the Medicare Secondary Payer law to Plaintiff MSPA Claims 1, LLC; and, thereafter MSPA Claims 1, LLC, La Ley Recovery Systems, MSP Recovery, LLC, and the Florida Department of Financial Services entered into a Settlement Agreement.  But neither this subsequent agreement nor the Settlement Agreement appear to exist in the so-called "assignments" that Plaintiffs provided to Defendant pursuant to the Court's prior directive. In the one La Ley Recovery Systems Agreement that was provided, the so-called assignee is not either of the Plaintiffs here, and Plaintiff MSP Recovery Claims, Series LLC is not even mentioned anywhere. Further, the La Ley Recovery Systems Agreement expired in 2015 or 2016 (if it was renewed) and that expiration and any other termination could not be cured by any subsequent agreement with the Florida Department of Financial Services.

### f.    Assignor Health Care Advisors Services.

Plaintiffs allege that the purported assignment agreement from Health Care Advisors Services to Plaintiffs, titled the "Recovery Agreement," shows that Health Care Advisors Services entered into a collections agreement (titled "Recovery Agreement") with MSP Recovery Claims Series, LLC; then, MSP Recovery, LLC and third party MSP Recovery 15-118, LLC entered into a separate agreement titled "Assignment" and allegedly assigned its rights obtained in the Assignment agreement to an entity called "Series 15-08-27."  That is the end of the series of transactions – yet significantly it does not end with either of the Plaintiffs here.  Plaintiff MSPA Claims 1, LLC is not even mentioned.

### g.    Assignor MCCI Group Holdings, LLC.

Plaintiffs allege that MCCI entered into a contingency collections agreement (titled "MSP Recovery LLC's Agreement," dated December 3, 2014) with an entity

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

46268971;1

1    called MSP Recovery, LLC (not either of the Plaintiffs here). The TAC then alleges a

2    second purported assignment on February 20, 2015 from MSP Recovery, LLC to

3    Plaintiff MSPA Claims 1, LLC. However, that purported assignment does not appear

4    to exist. In the 1000+ pages of so-called assignment documents produced by Plaintiffs

5    pursuant to this Court's directive, there is no such purported assignment, let alone any

6    assignment dated February 20, 2015.  Accordingly, Plaintiffs' standing-by-assignment

7    theory fails as to this Defendant, as there is no alleged assignment to either of the

8    Plaintiffs.

9                    h.    Assignor Verimed IPA, LLC.

10          Plaintiffs allege that Verimed IPA, LLC entered into a collections agreement

11   (titled "Recovery Agreement") with MSP Recovery, LLC; then MSP Recovery, LLC

12   and another entity, MSP Recovery 15-440, LLC entered into another agreement (titled

13   "Assignment") with "Series 15-09-108, LLC, a series of MSP Recovery Claims,

14   Series LLC," and allegedly assigned the rights obtained in the Recovery Agreement to

15   Series 15-09-108, LLC.  That is the end of the series of transactions – yet significantly

16   it does not end with either of the Plaintiffs here.  Plaintiff MSPA Claims 1, LLC is not

17   even mentioned.  Therefore, these named Plaintiffs are not the ultimate "assignees" of

18   anything and have no standing to sue.

19          4.    Plaintiffs' causes of action and requests for relief are barred in whole or

20   in part because Plaintiffs lacked and/or have not maintained standing throughout the

21   entire duration of this lawsuit.  In support of this affirmative defense, Defendants

22   allege the following:  The limited liability company operating agreements and/or

23   amendments thereto concerning Plaintiffs on which Plaintiffs assert standing to pursue

24   the purported causes of action and requests for relief asserted in the Complaint were

25   executed and made after this lawsuit was filed.

26          5.    To the extent Plaintiffs seek to include entities other than Medical

27   Advantage Organizations in the lawsuit and/or in the putative class, such as medical

28   service organizations, providers, or managers ("Non-MAO Assignors"), such Non-

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

46268971;1

MAO Assignors cannot properly bring a claim pursuant to the Medicare Secondary Payer Act. At least the following purported Assignors are not Medicare Advantage Organizations: (1) EmblemHealth Services Company, LLC, (2) Verimed IPA, LLC, (3) Plum Healthcare, LLC, (4) Health Care Advisors Services, Inc., (5) Reliance ACO, LLC, and (6) MCCI Group Holdings, LLC. None of these purported Assignors are identified on the official government CMS website of approved Medicare Advantage Organizations. The Non-MAO Assignors appear to be private entities that have private, non-governmental contracts with Medicare Advantage Organizations to do some unspecified part of the management of enrollees' care. Claims by these types of entities are not actionable under the Medicare Secondary Payer Act because the types of entities referred to by Plaintiffs (e.g., MSO, IPAs, etc.) are not interchangeable with Medicare Advantage Organizations for purposes of suing under 42 U.S.C. § 1395y(b)(3)(A). Non-MAO Assignor middlemen cannot – and do not – have the ability to invoke 42 U.S.C. § 1395y(b)(3)(A) and sue for reimbursement because they do not provide the same functions as Medicare Advantage Organizations; they are not paid with Medicare Trust Funds (they are paid privately); they do not make conditional primary payments to the providers for medical services for Medicare beneficiaries (Medicare Advantage Organizations make these payments); they do not pay providers and cannot sue for "reimbursement" of anything; they do not use and are not seeking reimbursement of Medicare Trust Funds (they are seeking payment for their own coffers and, here, Plaintiffs' coffers); there is no precedent for allowing entities that are not Medicare Advantage Organizations to bring these reimbursement claims; and, allowing them to do so will create conflict where Medicare Advantage Organizations may have real standing to sue for the same set of bills.

6.     Plaintiffs have not sufficiently plead or established facts to state a viable claim against Defendants, such that the allegations and causes of action asserted in the Complaint are uncertain, vague and ambiguous, and fail to meet the applicable

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

pleading requirements or to put Defendants on sufficient notice of the claims raised against them.  In support of this affirmative defense, Defendants allege the following: Plaintiffs have failed to allege and/or establish, among other things: the date of the accident or occurrence involving the Medicare enrollee; the specific amount Plaintiffs or Assignors paid on any bill for medical services related to that accident or occurrence, the injuries sustained or treated and type of medical service that was the subject of the bill paid, or any other facts establishing that billed medical services were reasonable, necessary or related to the accident;  to whom Plaintiffs or Assignors allegedly paid such a bill and when; whether a proper recovery demand letter was provided to each Defendant; or that each Defendant was on notice of its alleged primary payment responsibility, or on notice of the payment and still refused to reimburse Assignors or Plaintiff.  Plaintiffs also fail to plead or establish any facts demonstrating that any Defendant was served with a proper recovery demand letter, which is required before a primary plan is obligated to make any payment. 42 C.F.R. § 411.22(c).

7.     Plaintiffs' and/or the putative class members' claims and requests for relief are barred in whole or in part and are limited by and subject to the applicable 3-year statute of limitations.

8.     Plaintiffs' causes of action and requests for relief are barred in whole or in part because the alleged injuries, if any, were not proximately caused by any unlawful acts or omissions of Defendants.

9.     Plaintiffs' causes of action and requests for relief are barred in whole or in part to the extent that insurance benefits under the applicable policies of Defendants were properly exhausted.

10.     Plaintiffs' causes of action and requests for relief are barred in whole or in part to the extent that the alleged medical bills at issue already were paid by a Defendant or any other person or entity.

11.    Plaintiffs' causes of action and requests for relief are barred in whole or in part to the extent that Defendants were not timely provided, or was never provided, with notice of the alleged medical bills or payments at issue, and/or notice of primary payment responsibility under 42 C.F.R. § 411.25 and/or other statutes, regulations and/or portions of the Medicare Secondary Payer Act.

12.    Plaintiffs' causes of action and requests for relief are barred in whole or in part to the extent that Plaintiffs, their assignors and/or class members and their assignors are either: not "entities designated to receive payment" under 42 C.F.R. § 411.22 of the Medicare Secondary Payer Act; or Plaintiffs failed to serve proper "recovery demand letters" under 42 C.F.R. § 411.22 of the Medicare Secondary Payer Act.

13.    Plaintiffs' causes of action and requests for relief are barred in whole or in part by Plaintiffs' failures to comply with (or show compliance with) conditions precedent to suit, including without limitation compliance with the pre-suit demand letter requirements set forth in applicable state statutes (see e.g., Section 627.736(10), Florida Statutes).

14.    Plaintiffs' causes of action and requests for relief are barred in whole or in part by Plaintiffs' failures to comply with (or show compliance with) conditions precedent to suit, including meeting the federally-set threshold claim amount requirement.

15.    Plaintiffs' causes of action and requests for relief are barred in whole or in part by Plaintiffs' failure to comply with (or show compliance with) conditions precedent to making a "conditional" payment, including that the primary payer was notified of the expenses and bills allegedly at issue, that an MAO or other payer made efforts to attempt to identify primary payers, and that a determination was made that payment had not been made or could not reasonably be expected to be made promptly by a primary payer.

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

46268971;1

16.     Plaintiffs' causes of action and requests for relief are barred in whole or in part because the alleged medical bills and or services for which payments or reimbursements are sought were not timely, reasonable, medically necessary, do not arise out of the ownership, maintenance, or use of a motor vehicle, or otherwise do not qualify for coverage or payment pursuant to applicable state statutes and/or the applicable policies of insurance from Defendants.

17.     This action is not maintainable as a class action because Plaintiffs proposed an improper fail-safe class.

18.     This action is not maintainable as a class action because Plaintiffs fail to and cannot satisfy the applicable requirements for certifying a class, including numerosity, commonality, typicality, adequacy, and predominance.

19.     This action is not maintainable as a class action because assignors and members of the putative class have adverse and antagonistic interests, such that the class cannot be certified and fails as a matter of law.

20.     This action is not maintainable as a class action because Plaintiffs have interests adverse to certain members of the class and thus are not adequate representatives.

21.     This action is not maintainable as a class action because class counsel and Plaintiffs are too closely related for either to be adequate.

22.     This action is not maintainable as a class action because membership in the putative class, as defined in the Complaint, cannot be ascertained by Defendants.

23.     This action is not maintainable as a class action because Plaintiffs fail to and cannot satisfy the applicable requirements for certifying a class considering that the claims implicate a host of complex and individualized factual inquiries and varying legal defenses that will require a series of mini-trials.

24.     This action is not maintainable as a class action because questions of fact pertaining to each individual putative class member's claim, as well as different defenses pertaining to each, will predominate over common legal questions.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1

25.    This action is not maintainable as a class action because each putative class member will be required to demonstrate compliance with conditions precedent to suit, including without limitation compliance with conditions precedent to suit, including without limitation, meeting the federally-set threshold claim amount requirement and relevant state law requirements such as the pre-suit demand letter requirement set forth in Section 627.736(10), Florida Statutes.

26.    This action is not maintainable as a class action because the medical treatment for which payment is sought by some putative class members may not have been reasonable, necessary and/or related to the insureds' alleged motor vehicle accidents or alleged other incident purportedly covered by policies issued by Defendants.

27.    This action is not maintainable as a class action because the charges billed by some putative class members may be excessive, billed more than once for the same alleged medical treatment, and/or billed for services not actually rendered.

28.    Plaintiffs' claims and requests for relief, which Plaintiffs assert are not all fully alleged in the Third Amended Class Action Complaint, and the claims and requests for relief of the putative class members, may be barred, in whole or in part, by the doctrine of accord and satisfaction.

29.    Plaintiffs' claims and requests for relief, which Plaintiffs assert are not all fully alleged in the Third Amended Class Action Complaint, and the claims and requests for relief of the putative class members, may be barred, in whole or in part, by the doctrine of release.

30.    Plaintiffs' claims and requests for relief, which Plaintiffs assert are not all fully alleged in the Third Amended Class Action Complaint, and the claims and requests for relief of the putative class members, may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or ratification.

31.    Plaintiffs' claims and requests for relief, which Plaintiffs assert are not all fully alleged in the Third Amended Class Action Complaint, and the claims and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2:17-cv-02559-CAS-PLA

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**

46268971;1

requests for relief of the putative class members, may be barred, in whole or in part, by the doctrine of laches.

32.     Plaintiffs' claims and requests for relief, which Plaintiffs assert are not all fully alleged in the Third Amended Class Action Complaint, and the claims and requests for relief of the putative class members, may be barred, in whole or in part, by the doctrines of res judicata or claim preclusion.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray for judgment as follows:

1.     That judgment be rendered in favor of Defendants, and each of them, and against Plaintiffs, and each of them;

2.     That Plaintiffs take nothing and be afforded no relief by reason of their Complaint and that the Complaint be dismissed with prejudice;

3.     That Defendants be awarded their costs and expenses according to proof; and

4.     That Defendants be granted such other and further relief as is just and proper.


Dated: September 4, 2018          **AKERMAN LLP**

                                  By:   */s/ Valerie Greenberg*
                                         Valerie Greenberg
                                         Stacy J. Rodriguez
                                         Michael R. Weiss
                                         *Attorneys for Defendants*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all claims submitted to the jury.

Dated: September 4, 2018                **AKERMAN LLP**

                                        By:   */s/ Valerie Greenberg*
                                              Valerie Greenberg
                                              Stacy J. Rodriguez
                                              Michael R. Weiss
                                              *Attorneys for Defendants*

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO THIRD AMENDED COMPLAINT**
46268971;1