| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case Nos. | 2:17-cv-02522-CAS (PLAx)<br>2:17-cv-02559-CAS (PLAx) | Date | August 1, 2019 |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ENTERED JUNE 12, 2019 in Case No. 2:17-cv-2522 (Dkt. 209, filed June 26, 2019)

(IN CHAMBERS) PLAINTIFFS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ENTERED JUNE 12, 2019 in Case No. 2:17-cv-2559 (Dkt. 192, filed June 26, 2019)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of August 5, 2019 is vacated and the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

Plaintiffs MSP Recovery Claims, Series LLC and MSPA Claims I, LLC bring these two putative class actions against various corporate entities within the Farmers Insurance Group of Companies (collectively, "defendants"). Both cases arise out of defendants' alleged failure to reimburse Medicare Advantage Organizations ("MAOs") for medical expenses incurred treating Medicare beneficiaries injured in automobile accidents. Plaintiffs allege they are the assignees of numerous MAOs and related "first tier" and "downstream" entities and seek to recover double damages pursuant to the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y(b) et seq. Plaintiffs have filed numerous similar class actions against other insurance companies throughout the country. See MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co., No. 17-22539-CIV, 2018 WL 3654779, at *1 n.2 (S.D. Fla. Aug. 1, 2018) (collecting cases).

| | **CIVIL MINUTES – GENERAL** 'O' | | |
|---|---|---|---|
| Case Nos. | 2:17-cv-02522-CAS (PLAx) <br> 2:17-cv-02559-CAS (PLAx) | Date | August 1, 2019 |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

In Case No. 2:17-cv-02522, the "No-Fault Case," plaintiffs allege that defendants have reimbursement obligations because they issued no-fault insurance policies to Medicare beneficiaries injured in automobile accidents. In Case No. 2:17-cv-02559, the "Settlement Case," plaintiffs allege that defendants have a duty to reimburse the MAOs because defendants indemnified their insureds and made settlement payments to injured Medicare beneficiaries. On August 13, 2018, the Court denied defendants' motion to dismiss the operative third amended complaints. No. 17-2552, dkt. 147; No. 17-2559, dkt. 140.

On October 22, 2018, defendants filed motions to phase discovery and proceedings. No. 17-2522, dkt. 150; No. 17-2559, dkt. 143.[1] The Court ordered the parties to meet and confer regarding the feasibility of adopting the data-matching approach adopted by parties in a similar case. Dkt. 162 at 3. The parties subsequently entered into a stipulation wherein plaintiffs and defendants agreed to submit certain information to a third-party vendor to determine which of the many potential claims in plaintiffs' databases concern medical expenses incurred by MAOs that should have been paid by Farmers as the primary payer. Dkt. 169. The parties also agreed that they would submit a joint stipulation to the Magistrate Judge to resolve their dispute about the applicable statute of limitations for plaintiffs' claims and that the Magistrate Judge's decision would determine the scope of the data exchange. Id.

The parties subsequently submitted a joint stipulation to Magistrate Judge Paul L. Abrams regarding the statute of limitations issue.[2] Dkt. 192. The applicable statute of limitations provides, "An action may not be brought by the United States under this clause with respect to payment owed unless the complaint is filed not later than 3 years after the date of the receipt of notice of a settlement, judgment, award, or other payment made pursuant to paragraph (8) relating to such payment owed." 42 U.S.C. § 1395y(b)(2)(B)(iii). Plaintiffs argued that defendants should produce data covering the entire class period (March 2011 through March 2017) because the three-year statute of limitations set forth in 42 U.S.C. § 1395y(b)(2)(B)(iii) was never triggered. According to

---

[1] The parties filed the same consolidated motion in both cases. For ease of reference, the Court will refer to the docket entries in Case No. 17-2559.

[2] The stipulation also concerned protected health information, which is not at issue in the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case Nos. | 2:17-cv-02522-CAS (PLAx) <br> 2:17-cv-02559-CAS (PLAx) | Date | August 1, 2019 |
|---|---|---|---|
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

plaintiffs, the statute of limitations only starts to run once the MAO, as opposed to the United States, receives notice. Dkt. 192 at 13. Defendants responded that, pursuant to the MSP provisions of the Medicare Act, primary payers such as defendants are only required to electronically notify the Centers for Medicare & Medicaid Services ("CMS") of an automobile accident and report the Medicare beneficiary's name, Medicare Health Insurance Claim Number, and additional identifying information. Id. at 24 (citing 42 § 1395y(b)(7)(A)(ii)). According to defendants, there is no requirement for defendants to provide primary payer information to MAOs or non-MAO assignors. Id. Defendants also noted that plaintiffs admitted in their complaint in the No-Fault Action that defendants did provide notice of their claims to CMS. Id. at 26–27. Defendants thus argued that they should only be required to provide data for claims dating back three years from the date plaintiffs filed their complaint because any claims prior to that point would be time-barred. Id. at 27.

The Magistrate Judge agreed with defendants that the relevant statutory scheme only requires primary payers to notify CMS, not MAOs, about their primary payer status with respect to claims involving Medicare beneficiaries. Dkt. 205 ("Order") at 7. The Magistrate Judge explained:

> [I]f the three-year statute of limitations expired because plaintiffs' assignors (the MAOs/MA plans that paid claims that should have been paid by the primary payer) did not timely pursue reimbursement after CMS was notified of defendants' primary payment status, then the three-year statute of limitations would also be expired for the MAOs/MA Plans' assignees, i.e., plaintiffs. Plaintiffs have not shown otherwise. Indeed, it appears that if this Court were to determine that the primary payer must not only report its status to CMS, but that it also had a duty to determine any MAO/MA Plan that might be (or that might become) involved, or that an assignment of claims from the MAO/MA Plan could re-start the limitations period, this could eviscerate the purpose behind the statute of limitations.

Id. at 8. The Court then concluded that "because plaintiffs acknowledge in the [Third Amended Complaints] that defendants reported their primary payer status to CMS, any period *outside* of the three years from the date of CMS' receipt of notice of a settlement, judgment, award, or other payment relating to such payment owed, is not relevant to plaintiffs' claims or defendants' defenses and proportional to the needs of the case." Id.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case Nos. | 2:17-cv-02522-CAS (PLAx) | Date | August 1, 2019 |
|---|---|---|---|
| | 2:17-cv-02559-CAS (PLAx) | | |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

On June 26, 2019, plaintiffs filed the instant consolidated motion for review of the Magistrate Judge's ruling with respect to the statute of limitations issue. Dkt. 209 ("Mot."). Defendants filed an opposition on July 15, 2019. Dkt. 212 ("Opp'n"). Plaintiffs filed a reply on July 22, 2019. Dkt. 213 ("Reply").

After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days. The party shall file a motion for review by the assigned district judge "designating the specific portions of the ruling objected to and stating the grounds for the objection." Local Rule 72–2.1. Under this rule, the district judge will not modify or set aside a magistrate judge's ruling unless the objecting party shows that the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions." Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. Of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows "independent, plenary review of purely legal determinations" by the magistrate judge. Jadwin v. Cty. of Kern, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

## III. DISCUSSION

Plaintiffs argue that the Magistrate Judge erred when he determined that notice to CMS, rather than the MAO, triggers the applicable statute of limitations. Mot. at 15–17. Plaintiffs also argue that the Magistrate Judge mischaracterized the factual record when he found that plaintiffs had admitted that the defendants properly reported claims to CMS. Id. at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case Nos. | 2:17-cv-02522-CAS (PLAx)<br>2:17-cv-02559-CAS (PLAx) | Date | August 1, 2019 |
| Title | MSP RECOVERY CLAIMS, SERIES LLC, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL. | | |

The Court agrees with the Magistrate Judge's careful analysis of the applicable statute of limitations and primary payer reporting requirements and his conclusion that the statute of limitations begins to run when CMS, not an MAO, is provided with notice. The Court also finds that the Magistrate Judge's decision was not clearly erroneous when he determined that plaintiffs had acknowledged in their Third Amended Complaints that defendants reported their primary payer status to CMS. The Court acknowledges that plaintiffs disagree that these allegations are an admission of defendants' compliance with their reporting requirements and that plaintiffs contend that there may be claims for which the statute of limitations has not yet been triggered because defendants "underreport and misreport to CMS all the time." Mot. at 9. However, absent a clearer showing by plaintiffs that there is a significant group of claims that have not been reported to CMS by defendants, plaintiffs' request for additional discovery beyond the three-year period appears to be in the nature of a fishing expedition.[3] On this record, the Court finds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. However, if further data exchanged between the parties reveals that defendants have failed on multiple occasions to provide requisite notice of their primary payer status to CMS, plaintiffs may renew their request for information from defendants dating back to March 2011.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' consolidated motion for review of Magistrate Judge Paul Abrams's order dated June 12, 2019 is **DENIED**.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00 : 00 |
| Initials of Preparer | CMJ |

---

[3] The Court has reviewed the exhibits submitted in support of plaintiffs' motion which include various spreadsheets listing assignors, insurance companies, and names of claimants. These spreadsheets, standing alone, do not support plaintiffs' allegation that defendants underreport or misreport their primary payment status to CMS.