**AKERMAN LLP**
Marcy Levine Aldrich (FBN 968447)
Email: marcy.aldrich@akerman.com
Valerie Greenberg (FBN 26514)
Email: valerie.greenberg@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

Michael R. Weiss (SBN 180946)
Email: michael.weiss@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity,

Plaintiffs,

vs.

FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE OF COLUMBUS, INC.; 21ST CENTURY CENTENNIAL INSURANCE COMPANY; 21ST CENTURY NORTH AMERICA INSURANCE COMPANY; 21ST CENTURY PREFERRED INSURANCE COMPANY; FIRE INSURANCE EXCHANGE; FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN; FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY,

Defendants.

Case No. 2:17-cv-02559-CAS-PLA

Judge: Hon. Christina A. Snyder
Courtroom: 8D

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT

Defendants Farmers Insurance Exchange, Farmers Insurance of Columbus, Inc. (erroneously named by plaintiffs as Farmers Insurance Company of Columbus, Inc.), 21st Century Centennial Insurance Company (erroneously named herein by plaintiffs as 21st Century Centennial Insurance Co.), 21st Century North America Insurance Company (erroneously named herein by plaintiffs as 21st Century North America Insurance Co.), 21st Century Preferred Insurance Company, Fire Insurance Exchange, Foremost Insurance Company Grand Rapids, Michigan (erroneously named by plaintiffs as Farmers Insurance Company Grand Rapids, Michigan), Foremost Property and Casualty Insurance Company, and Mid-Century Insurance Company (collectively, "Defendants"), jointly and severally, hereby answer the Fourth Amended Class Action Complaint ("Complaint") filed by Plaintiffs MSP Recovery Claims, Series LLC and MSPA Claims 1, LLC (collectively, "Plaintiffs") in the above-captioned matter as follows:

## INTRODUCTION

1.      In answer to paragraph 1 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

2.      In answer to paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

3.      In answer to paragraph 3 of the Complaint, including without limitation footnote no. 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

4.      In answer to paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation

1   contained in said paragraph.

2       5.    In answer to paragraph 5 of the Complaint, Defendants are without

3   knowledge or information sufficient to form a belief as to the truth of the allegations

4   contained in said paragraph, and on that basis deny each and every allegation

5   contained in said paragraph.

6                    **JURISDICTION AND VENUE**

7       6.    In answer to paragraph 6 of the Complaint, Defendants are without

8   knowledge or information sufficient to form a belief as to the truth of the allegations

9   contained in said paragraph, and on that basis deny each and every allegation

10   contained in said paragraph.

11       7.    In answer to paragraph 7 of the Complaint, Defendants state that the

12   plaintiffs purport to sue under a federal statute 42 U.S.C. § 1395y(b)(3)(A) and

13   otherwise are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations contained in said paragraph, and on that basis deny each and

15   every allegation contained in said paragraph.

16       8.    In answer to paragraph 8 of the Complaint, Defendants admit that

17   Defendants are authorized, or during the relevant time period were authorized, to do

18   business in California but deny the remaining allegations contained in said paragraph.

19       9.    In answer to paragraph 9 of the Complaint, Defendants deny each and

20   every allegation contained in said paragraph.

21                       **BACKGROUND**

22       10.    In answer to paragraph 10 of the Complaint, Defendants admit that

23   Congress enacted the Medicare Act.  Except as expressly admitted, Defendants are

24   without knowledge or information sufficient to form a belief as to the truth of the

25   remaining allegations contained in said paragraph, and on that basis deny each and

26   every remaining allegation contained in said paragraph.

27       11.    In answer to paragraph 11 of the Complaint, Defendants admit that the

28   Medicare Act includes Parts A, B, C, D and E, that the statutes cited in the paragraph

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  concern the Medicare Act and that the statutes speak for themselves.  Except as

2  expressly admitted, Defendants are without knowledge or information sufficient to

3  form a belief as to the truth of the remaining allegations contained in said paragraph,

4  and on that basis deny each and every remaining allegation contained in said

5  paragraph.

6       12.   In answer to paragraph 12 of the Complaint, Defendants admit that

7  Congress enacted the Medicare Secondary Payer Act, which Act speaks for itself and

8  the paragraph contains assertions about the law to which an admission or denial by

9  Defendants regarding fact allegations are not elicited.  Except as expressly admitted,

10  Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the remaining allegations contained in said paragraph, and on that basis deny

12  each and every remaining allegation contained in said paragraph.

13       13.   In answer to paragraph 13 of the Complaint, Defendants admit that 42

14  U.S.C. § 1395y concerns the Medicare Secondary Payer Act, which Act speaks for

15  itself and the paragraph contains assertions about the law to which an admission or

16  denial by Defendants regarding fact allegations are not elicited.  To the extent

17  otherwise required, and except as expressly admitted, Defendants are without

18  knowledge or information sufficient to form a belief as to the truth of the remaining

19  allegations contained in said paragraph, and on that basis deny each and every

20  remaining allegation contained in said paragraph.

21       14.   In answer to paragraph 14 of the Complaint, Defendants state that the

22  cited statutes and regulations speak for themselves, and the paragraph contains

23  assertions about the law to which an admission or denial by Defendants regarding fact

24  allegations are not elicited.  To the extent otherwise required, Defendants deny each

25  and every remaining allegation contained in said paragraph.

26       15.   In answer to paragraph 15 of the Complaint, Defendants state that the

27  cited statute speaks for itself and the paragraph contains assertions about the law to

28  which an admission or denial by Defendants regarding fact allegations are not

elicited. To the extent otherwise required, and except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

16. In answer to paragraph 16 of the Complaint, Defendants state that the cited statutes and regulations speak for themselves, that Defendants may or may not be primary payers and plans depending on the individual policies, individual accidents, individual medical bills, individual settlements and individual claims, and that except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

17. In answer to paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

18. In answer to paragraph 18 of the Complaint, including without limitation footnote no. 2, Defendants admit that the Medicare Act includes Part C, which speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited. To the extent otherwise required, and except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

19. In answer to paragraph 19 of the Complaint, Defendants admit that the statutes cited in the paragraph concern the Medicare Secondary Payer Act. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and on that basis deny each and every remaining allegation contained in said paragraph.

20.    In answer to paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

21.    In answer to paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

22.    In answer to paragraph 22 of the Complaint, Defendants admit that the statute cited in the paragraph concerns the Medicare Secondary Payer Act.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

23.    In answer to paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

24.    In answer to paragraph 24 of the Complaint, including without limitation footnote no. 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

25.    In answer to paragraph 25 of the Complaint, Defendants admit that persons who receive benefits through Medicare and who elect to receive benefits through an MAO/MA Plan are considered Medicare beneficiaries, and the regulation cited in the paragraph concerns the Medicare Secondary Payer Act.   Except as

DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT

expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

26.    In answer to paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

27.    In answer to paragraph 27 of the Complaint, Defendants admit that the statute cited in the paragraph states in part the language quoted in the paragraph. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

28.    In answer to paragraph 28 of the Complaint, Defendants admit that the statute cited in the paragraph states in part the language quoted in the paragraph. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

29.    In answer to paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

30.    In answer to paragraph 30 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

31.    In answer to paragraph 31 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

32.     In answer to paragraph 32 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

33.     In answer to paragraph 33 of the Complaint, Defendants admit that 42 U.S.C. § 1395y(b)(3)(A) states "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

34.     In answer to paragraph 34 of the Complaint, including without limitation footnote no. 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

35.     In answer to paragraph 35 of the Complaint, Defendants admit that Congress enacted the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA"), which speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, and except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

36.     In answer to paragraph 36 of the Complaint, including without limitation footnote no. 5, Defendants state that the statutes and regulations cited in said paragraph speak for themselves and do not elicit an admission or denial from Defendants.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.

37.     In answer to paragraph 37 of the Complaint, including without limitation footnote no. 6, Defendants state that the statutes and regulations cited in said

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

paragraph speak for themselves and do not elicit an admission or denial from Defendants.  To the extent a response is required, Defendants deny each and every remaining allegation contained in said paragraph.

38.   In answer to paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

39.   In answer to paragraph 39 of the Complaint, Defendants state the statute cited in said paragraph speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, Defendants deny each and every allegation contained in said paragraph.

40.   In answer to paragraph 40 of the Complaint, Defendants state the statute cited in said paragraph speaks for itself and the paragraph contains assertions about the law to which an admission or denial by Defendants regarding fact allegations are not elicited.  To the extent otherwise required, Defendants deny each and every allegation contained in said paragraph.

## **PARTIES**

41.   In answer to paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

42.   In answer to paragraph 42 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

43.   In answer to paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

44.    In answer to paragraph 44 of the Complaint, Defendants admit that Farmers Insurance Exchange is an inter-insurance exchange organized under the laws of the State of California and has its principal place of business located at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

45.    In answer to paragraph 45 of the Complaint, Defendants admit that Farmers Insurance of Columbus, Inc. (erroneously sued herein as Farmers Insurance Company of Columbus, Inc.) is an Ohio company with its principal place of business located at 2500 Farmers Drive, Columbus, Ohio 43235.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in said paragraph.

46.    In answer to paragraph 46 of the Complaint, Defendants admit that 21st Century Centennial Insurance Company (erroneously sued herein as 21st Century Centennial Insurance Co.), is a Pennsylvania company with its principal place of business located at 3 Beaver Valley Rd., Wilmington, Delaware 19803.

47.    In answer to paragraph 47 of the Complaint, Defendants admit the allegations contained in said paragraph.

48.    In answer to paragraph 48 of the Complaint, Defendants admit that 21st Century North America Insurance Company (erroneously sued herein as 21st Century North America Insurance Co.), is a New York company with its principal place of business located at 3 Beaver Valley Road, Wilmington Delaware 19803.

49.    In answer to paragraph 49 of the Complaint, Defendants admit the allegations contained in said paragraph.

50.    In answer to paragraph 50 of the Complaint, Defendants deny the allegations contained in said paragraph.

51.    In answer to paragraph 51 of the Complaint, Defendants admit the

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  allegations contained in said paragraph.

2      52.    In answer to paragraph 52 of the Complaint, Defendants admit that Fire

3  Insurance Exchange is an inter-insurance exchange organized under the laws of the

4  State of California and has its principal place of business located at 6301 Owensmouth

5  Avenue, Woodland Hills, California 91367. Except as expressly admitted, Defendants

6  deny each and every remaining allegation contained in said paragraph.

7      53.    In answer to paragraph 53 of the Complaint, Defendants are without

8  knowledge or information sufficient to form a belief as to the truth of the allegations

9  contained in said paragraph, and on that basis deny each and every allegation

10  contained in said paragraph.

11  **MAO/MA Plans**

12      54.    In answer to paragraph 54 of the Complaint, including without limitation

13  footnote no. 7, Defendants are without knowledge or information sufficient to form a

14  belief as to the truth of the allegations contained in said paragraph, and on that basis

15  deny each and every allegation contained in said paragraph.

16      55.    In answer to paragraph 55 of the Complaint, Defendants are without

17  knowledge or information sufficient to form a belief as to the truth of the allegations

18  contained in said paragraph, and on that basis deny each and every allegation

19  contained in said paragraph.

20  **STANDING**

21      56.    In answer to paragraph 56 of the Complaint, including without limitation

22  footnote no. 8, Defendants deny each and every allegation contained in said

23  paragraph.

24      57.    In answer to paragraph 57 of the Complaint, Defendants are without

25  knowledge or information sufficient to form a belief as to the truth of the allegations

26  contained in said paragraph, and on that basis deny each and every allegation

27  contained in said paragraph.

28      58.    In answer to paragraph 58 of the Complaint, Defendants deny each and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   every allegation contained in said paragraph.

2     59. In answer to paragraph 59 of the Complaint, Defendants admit that 42

3   U.S.C. § 1395y(b)(3)(A) states "There is established a private cause of action for

4   damages (which shall be in an amount double the amount otherwise provided) in the

5   case of a primary plan which fails to provide for primary payment

6   (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)."

7   Except as expressly admitted, Defendants deny each and every remaining allegation

8   contained in said paragraph.

9     60. In answer to paragraph 60 of the Complaint, including without limitation

10   footnote no. 9, Defendants admit that 42 U.S.C. § 1395w-25(d)(1) states in part "In

11   this part, the term 'provider-sponsored organization' means a public or private

12   entity—(A) that is established or organized, and operated, by a health care provider, or

13   group of affiliated health care providers, (B) that provides a substantial proportion (as

14   defined by the Secretary in accordance with paragraph (2)) of the health care items

15   and services under the contract under this part directly through the provider or

16   affiliated group of providers, and (C) with respect to which the affiliated providers

17   share, directly or indirectly, substantial financial risk with respect to the provision of

18   such items and services and have at least a majority financial interest in the entity."

19   Except as expressly admitted, Defendants deny each and every remaining allegation

20   contained in said paragraph.

21     61. In answer to paragraph 61 of the Complaint, including without limitation

22   footnote no. 10, Defendants state the regulations speak for themselves and otherwise

23   deny each and every allegation contained in said paragraph.

24     62. In answer to paragraph 62 of the Complaint, including without limitation

25   footnote no. 11, Defendants are without knowledge or information sufficient to form a

26   belief as to the truth of the allegations contained in said paragraph, and on that basis

27   deny each and every allegation contained in said paragraph.

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## ASSIGNMENTS

63.     In answer to paragraph 63 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

64.     In answer to paragraph 64 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

65.     In answer to paragraph 65 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

66.     In answer to paragraph 66 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

67.     In answer to paragraph 67 of the Complaint, including without limitation footnote no. 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

68.     In answer to paragraph 68 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

69.     In answer to paragraph 69 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

1    contained in said paragraph.

2        70.    In answer to paragraph 70 of the Complaint, Defendants are without

3    knowledge or information sufficient to form a belief as to the truth of the allegations

4    contained in said paragraph, and on that basis deny each and every allegation

5    contained in said paragraph.

6        71.    In answer to paragraph 71 of the Complaint, Defendants are without

7    knowledge or information sufficient to form a belief as to the truth of the allegations

8    contained in said paragraph, and on that basis deny each and every allegation

9    contained in said paragraph.

10       72.    In answer to paragraph 72 of the Complaint, Defendants are without

11   knowledge or information sufficient to form a belief as to the truth of the allegations

12   contained in said paragraph, and on that basis deny each and every allegation

13   contained in said paragraph.

14       73.    In answer to paragraph 73 of the Complaint, Defendants are without

15   knowledge or information sufficient to form a belief as to the truth of the allegations

16   contained in said paragraph, and on that basis deny each and every allegation

17   contained in said paragraph.

18       74.    In answer to paragraph 74 of the Complaint, Defendants are without

19   knowledge or information sufficient to form a belief as to the truth of the allegations

20   contained in said paragraph, and on that basis deny each and every allegation

21   contained in said paragraph.

22       75.    In answer to paragraph 75 of the Complaint, Defendants are without

23   knowledge or information sufficient to form a belief as to the truth of the allegations

24   contained in said paragraph, and on that basis deny each and every allegation

25   contained in said paragraph.

26       76.    In answer to paragraph 76 of the Complaint, Defendants are without

27   knowledge or information sufficient to form a belief as to the truth of the allegations

28   contained in said paragraph, and on that basis deny each and every allegation

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  contained in said paragraph.

2  77.    In answer to paragraph 77 of the Complaint, Defendants are without

3  knowledge or information sufficient to form a belief as to the truth of the allegations

4  contained in said paragraph, and on that basis deny each and every allegation

5  contained in said paragraph.

6  78.    In answer to paragraph 78 of the Complaint, Defendants are without

7  knowledge or information sufficient to form a belief as to the truth of the allegations

8  contained in said paragraph, and on that basis deny each and every allegation

9  contained in said paragraph.

10  79.    In answer to paragraph 79 of the Complaint, Defendants are without

11  knowledge or information sufficient to form a belief as to the truth of the allegations

12  contained in said paragraph, and on that basis deny each and every allegation

13  contained in said paragraph.

14  80.    In answer to paragraph 80 of the Complaint, Defendants are without

15  knowledge or information sufficient to form a belief as to the truth of the allegations

16  contained in said paragraph, and on that basis deny each and every allegation

17  contained in said paragraph.

18  81.    In answer to paragraph 81 of the Complaint, Defendants are without

19  knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in said paragraph, and on that basis deny each and every allegation

21  contained in said paragraph.

22  82.    In answer to paragraph 82 of the Complaint, Defendants are without

23  knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained in said paragraph, and on that basis deny each and every allegation

25  contained in said paragraph.

26  83.    In answer to paragraph 83 of the Complaint, Defendants are without

27  knowledge or information sufficient to form a belief as to the truth of the allegations

28  contained in said paragraph, and on that basis deny each and every allegation

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

1   contained in said paragraph.

2   84.   In answer to paragraph 84 of the Complaint, Defendants are without

3   knowledge or information sufficient to form a belief as to the truth of the allegations

4   contained in said paragraph, and on that basis deny each and every allegation

5   contained in said paragraph.

6   85.   In answer to paragraph 85 of the Complaint, Defendants are without

7   knowledge or information sufficient to form a belief as to the truth of the allegations

8   contained in said paragraph, and on that basis deny each and every allegation

9   contained in said paragraph.

10   86.   In answer to paragraph 86 of the Complaint, Defendants are without

11   knowledge or information sufficient to form a belief as to the truth of the allegations

12   contained in said paragraph, and on that basis deny each and every allegation

13   contained in said paragraph.

14   ## REPRESENTATIVE FACTS

15   87.   In answer to paragraph 87 of the Complaint, Defendants are without

16   knowledge or information sufficient to form a belief as to the truth of the allegations

17   contained in said paragraph, and on that basis deny each and every allegation

18   contained in said paragraph.

19   88.   In answer to paragraph 88 of the Complaint, Defendants are without

20   knowledge or information sufficient to form a belief as to the truth of the allegations

21   contained in said paragraph, and on that basis deny each and every allegation

22   contained in said paragraph.

23   89.   In answer to paragraph 89 of the Complaint, Defendants deny each and

24   every allegation contained in said paragraph.

25   90.   In answer to paragraph 90 of the Complaint, Defendants are without

26   knowledge or information sufficient to form a belief as to the truth of the allegations

27   contained in said paragraph, and on that basis deny each and every allegation

28   contained in said paragraph.

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

91.     In answer to paragraph 91 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

92.     In answer to paragraph 92 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

93.     In answer to paragraph 93 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

94.     In answer to paragraph 94 of the Complaint, Defendants admit that the parties engaged in data-matching discovery.   As to the remaining allegations contained in said paragraph, Defendants deny each and every remaining allegation contained in said paragraph.

95.     In answer to paragraph 95 of the Complaint, including without limitation footnote no. 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

96.     In answer to paragraph 96 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

97.     In answer to paragraph 97 of the Complaint, Defendants deny that Defendants have any further obligation to engage in any further-data matching discovery, as Defendants have already complied with all data-matching discovery ordered by the Court.   Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

**CLASS DEFINITION**

98.     In answer to paragraph 98 of the Complaint, the alleged putative class definition speaks for itself.   Defendants otherwise are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

## CAUSES OF ACTION

99. In answer to paragraph 99 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

100. In answer to paragraph 100 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

## COUNT I

101. In answer to paragraph 101 of the Complaint, Defendants restate and incorporate by reference Defendants' responses to paragraphs 1 through 100 herein.

102. In answer to paragraph 102 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

103. In answer to paragraph 103 of the Complaint, Defendants admit that 42 U.S.C. § 1395y(b)(3)(A) states "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." Except as expressly admitted, Defendants deny the remaining allegations contained in said paragraph.

104. In answer to paragraph 104 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

105. In answer to paragraph 105 of the Complaint, Defendants are without

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

1   knowledge or information sufficient to form a belief as to the truth of the allegations

2   contained in said paragraph, and on that basis deny each and every allegation

3   contained in said paragraph.

4       106.   In answer to paragraph 106 of the Complaint, Defendants deny an

5   obligation to "administratively appeal the MAOs/MA Plans' right to reimbursement,"

6   and deny each and every remaining allegation contained in said paragraph.

7       107.   In answer to paragraph 107 of the Complaint, Defendants are without

8   knowledge or information sufficient to form a belief as to the truth of the allegations

9   contained in said paragraph, and on that basis deny each and every allegation

10  contained in said paragraph.

11      108.   In answer to paragraph 108 of the Complaint, Defendants are without

12  knowledge or information sufficient to form a belief as to the truth of the allegations

13  contained in said paragraph, and on that basis deny each and every allegation

14  contained in said paragraph.

15      109.   In answer to paragraph 109 of the Complaint, Defendants deny each and

16  every allegation contained in said paragraph.

17      110.   In answer to paragraph 110 of the Complaint, Defendants deny each and

18  every allegation contained in said paragraph.

19      111.   In answer to paragraph 111 of the Complaint, Defendants deny each and

20  every allegation contained in said paragraph.

21                          **CLASS ALLEGATIONS**

22      112.   In answer to paragraph 112 of the Complaint, Defendants are without

23  knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained in said paragraph, and on that basis deny each and every allegation

25  contained in said paragraph.

26      113.   In answer to paragraph 113 of the Complaint, Defendants deny each and

27  every allegation contained in said paragraph.

28      114.   In answer to paragraph 114 of the Complaint, Defendants deny each and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

every allegation contained in said paragraph.

115.   In answer to paragraph 115 of the Complaint, including without limitation sub-paragraphs a through d therein, Defendants deny each and every allegation contained in said paragraph.

116.   In answer to paragraph 116 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

117.   In answer to paragraph 117 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

118.   In answer to paragraph 118 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

119.   In answer to paragraph 119 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

120.   In answer to paragraph 120 of the Complaint, Defendants state Plaintiffs purport to seek an alternative National Issues Class but otherwise deny each and every allegation contained in said paragraph.

121.   In answer to paragraph 121 of the Complaint, Defendants admit that Federal Rules of Civil Procedure Rule 23(c)(4) states "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained in said paragraph.

122.   In answer to paragraph 122 of the Complaint, including without limitation sub-paragraphs a through f therein, Defendants deny each and every allegation contained in said paragraph.

123.   In answer to paragraph 123 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

124.   In answer to paragraph 124 of the Complaint, including without

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

limitation sub-paragraphs "a" through "d" therein, Defendants deny each and every allegation contained in said paragraph.

125.   In answer to paragraph 125 of the Complaint, Defendants deny each and every allegation contained in said paragraph.

## JURY TRIAL DEMAND

126.   In answer to paragraph 126 of the Complaint, Defendants state Plaintiffs purport to demand a trial by jury and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained in said paragraph.

## PRAYER FOR RELIEF

127.   In answer to the Prayer for Relief set forth in paragraph 127, including without limitation sub-paragraphs a, b, c and c(i) through c(v), Defendants deny each and every allegation and prayer for relief contained in said paragraphs.

## AFFIRMATIVE DEFENSES TO COMPLAINT

Without waiver of their rights to assert any additional affirmative defenses as may be revealed through discovery, Defendants jointly and severally assert the following separate affirmative defenses to the Complaint:

1.   Venue in this Court is not proper.  In support of this affirmative defense, Defendants allege the following:  Plaintiffs allege in conclusory fashion that "[v]enue is proper before this Court pursuant to 28 U.S.C. § 1391."  Complaint ¶ 9.  This is Plaintiffs' only allegation regarding a basis for venue in this Court.  Contrary to Plaintiffs' allegation, however, the rest of the Complaint specifically establishes that venue is in fact not proper here.  The Complaint concedes that not all defendants reside in California, in that the Complaint alleges that at least 6 of the Defendants reside in states other than California; namely, *Ohio, New York, Pennsylvania, and Michigan*.  Complaint ¶¶ 45, 46, 48, 49, 50, and 51. Further, the Complaint alleges that at least 6 of the Defendants are non-California companies with principal places of business outside of California, and that 9 of the Defendants indemnified insureds and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

made settlement payments to non-California residents whose medical expenses were allegedly paid by a purported non-California Assignors, which Assignors allegedly assigned their rights to pursue claims under agreements governed by the laws of states other than California.  Complaint ¶¶ 44-57, 63-86.

2.      Defendants are improperly joined with each other.  In support of this affirmative defense, Defendants allege the following:  Under Fed. R. Civ. P. Rule 20(a)(2), defendants "may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  *Id*.  The first prong of Rule 20(a)(2) test for permissive joinder, the "same transaction or occurrence" requirement, "refers to the similarity in the factual background of a claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Here, the claims against each of the Defendants do not arise "out of the same transaction or occurrence" as the claims against the other defendants.  There are 9 defendants against which Plaintiffs allege dozens of unique claims.  The claims arise out of distinct alleged accidents, and involve distinct purported insurance or policies many of which containing unique policy language, distinct Medicare claims, and distinct settlements with individuals.  They are distinct in time, place and parties; they are brought on behalf of different Assignors and via different sets of purported assignments; they have entirely separate legal analyses for the affirmative claims and defenses; and they are governed by distinct insurance laws including without limitation distinct conditions precedents to suits.  Where, as here, there are distinct factual allegations as to each party, and no concert between the parties, the "same transaction or occurrence" test cannot be satisfied.  *See Nassau County Ass'n. of Insurance Agents, Inc. v. Aetna Life & Casualty Co*., 497 F.2d 1151, 1154 (2d Cir. 1974) (finding misjoinder of insurance defendants where there was no showing of a right to relief from the same transaction or series of transactions or allegation of

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

conspiracy or other concert of action).

3. Plaintiffs do not have standing to assert the claims alleged in the Complaint. In support of this affirmative defense, Defendants allege among other things the following: The agreements on which Plaintiffs rely to give them standing convey nothing to the named Plaintiffs. They are facially defective and do not even confer standing to bring this lawsuit against Defendants and, therefore, dismissal is required. None of the agreements specifically state what is being "assigned", and they permit either party to terminate at any time without cause. Therefore, with respect to the alleged "assignments," the two named Plaintiffs here are not the ultimate "assignees" of anything and have no standing to sue. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Further, the agreements upon which Plaintiffs rely are contingency-based collections agreements, not irrevocable assignments of rights to ownership of receivables and the ability to sue to collect such receivables as alleged. The agreements permit the assignees to attempt to locate and collect unidentified "costs already paid for and/or generate revenue on a fee for services provided and/or shift current expenses incurred." Anything less than a complete "assignment" of "title" to a claim is insufficient to confer standing. *Cortlandt Street Recovery Corp. v. Hellas Telecomms*., 790 F.3d 411, 418-20 (2d Cir. 2015) (finding that "assignment" of the right to collect payment or pursue remedies does not confer standing if plaintiff does not hold "legal title to, or a proprietary interest in, the claim") (internal citations omitted). Moreover, the rights to terminate the so-called assignments at any time nullifies any purported assignment because Plaintiffs cannot sue under an "assignment" when the assignor has the ability to revoke its consent to collect on the claims at any time and for any reason (effectively rendering the purported "assignment" void). *See e.g., Prince of Peace Enter., Inc. v. Top Quality Food Mkt., LLC*, No. 07 CIV. 00349 (RJH), 2007 WL 704171, at *3 (S.D.N.Y. Mar. 7, 2007), adhered to on denial of reconsideration, 496 F. Supp. 2d 354 (S.D.N.Y. 2007) (distributorship agreement that plaintiff claimed to be "assignment" explicitly

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

permitted assignor to terminate and merely granted rights to use and enforce trademarks, and thus it was held to be "[u]nlike an assignment, which is an irrevocable transfer of all rights").  In addition, specifically as to each purported assignor:

a.   Assignor Plum Healthcare, LLC.

Plaintiffs allege that on December 13, 2016, Plum Healthcare Group, LLC entered into an agreement with MSP Recovery, LLC, (not either of the Plaintiffs here), "irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments . . . as assigned from Plum Healthcare Group, LLC." Plaintiffs allege that the second assignment "was made pursuant to the Series 16-10-504 agreement" and was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely (as set forth in Exhibit A to the Fourth Amended Complaint), are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 16-10-504, LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) Plum Healthcare, LLC is not and has never been a licensed provider of medical care or healthcare, is not an insurer for medical care or healthcare, or an MA Plan and does not provide any direct medical services that may be billed to MA Plans; (5) the December 13, 2016 agreement has been terminated; (6) Plum Healthcare, LLC has not been billed

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (7) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of the "Series 16-10-504 agreement" pursuant to which the second assignment was purportedly "made."

   b. <u>Assignor SummaCare, Inc.</u>

  Plaintiffs allege that on May 12, 2017, SummaCare, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Ohio law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments . . . as assigned from SummaCare, Inc." Plaintiffs allege that the second assignment "was made pursuant to the Series 16-11-509 agreement" and was "entered into under Delaware law."

  Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 16-11-509, LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) the May 12, 2017 agreement is limited to claims with dates of service from January 1, 2009 up to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

May 12, 2018; (5) the May 12, 2017 agreement excludes claims identified by other vendors under contract with SummaCare, Inc. and Plaintiffs fail to allege any facts to establish that the purported claims here were never assigned to or are not being pursued by other recovery vendor; (6) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case.

In addition, Plaintiffs have failed to sufficiently allege the terms of the "Series 16-11-509 agreement" pursuant to which the second assignment was purportedly "made".

c.    Assignor Verimed IPA, LLC.

Plaintiffs allege that on April 7, 2016, Verimed IPA, LLC "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments . . . as assigned from Verimed IPA, LLC" Plaintiffs allege that the second assignment "was made pursuant to the Series 15-09-108 agreement" and was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and are not even a party to any of the alleged transactions; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-09-108, LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) Verimed

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

IPA, LLC is not and has never been a licensed provider of medical care or healthcare, is not an insurer for medical care or healthcare, or an MA Plan and provides not direct medical services that may be billed to MA Plans; (5) Verimed IPA, LLC has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; (6) The April 7, 2016 agreement has been terminated; and (7) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of the "Series 15-09-108 agreement" pursuant to which Plaintiffs allege the second assignment was purportedly "made."

> d.   Assignor MCCI Group Holdings, LLC.

Plaintiffs allege that on December 3, 2014, MCCI Group Holdings, LLC entered into an agreement "with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on February 20, 2015, "MSP Recovery, LLC entered into an agreement with MSPA Claims 1, LLC, irrevocably assigning its right to recover conditional payments . . . as assigned from MCCI Group Holdings, LLC." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) Plaintiff MSP Recovery Claims, Series LLC is not even mentioned; (2) the signatory of the assignee (Plaintiff MSPA Claims 1, LLC) to the February 20, 2015 agreement appears to be a person signing on behalf of an entity other than this assignee, with no explanation whatsoever (e.g., MSPA Claims 1, LLC has as its signatory "Chris

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Claflin, Managing Member of MSP Recovery Services LLC"); (3) MCCI Group Holdings, LLC lacked any rights to assign under the December 3, 2014 agreement; (4) the December 3, 2014 agreement could not be further assigned without the assignor's written consent and no such consent has been alleged; (5) the December 3, 2014 agreement was for a term of five years and Plaintiffs fail to allege whether the agreement was renewed or terminated at the time of its expiration; (6) any claims involving any Humana entities are excluded from the assignment pursuant to the December 3, 2014 agreement, which states that all such rights have been assigned to Humana; and (7) MCCI Group Holdings, LLC has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise.

e.     Assignor Healthcare Advisors Services, Inc.

Plaintiffs allege that on August 28, 2015, Healthcare Advisors Services, Inc. entered into an agreement "with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments . . . as assigned from Healthcare Advisors Services, Inc." Plaintiffs allege that the second assignment "was made pursuant to the Series 15-08-27 agreement" and was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and are not even a party to any of the alleged transactions; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

agreement, with no explanation whatsoever (e.g., Series 15-08-27 has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) the purported "August 18, 2015" agreement does not actually include the full date (and omits the month), rendering it invalid; (5) Healthcare Advisors Services, Inc. has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (6) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of the "Series 15-08-27 agreement" pursuant to which Plaintiffs allege the second assignment was purportedly "made."

     f.    Assignor Florida Health Care Plus, Inc.

Plaintiffs allege that on April 15, 2014, Florida Healthcare Plus, Inc. "entered into an agreement with La Ley Recovery Systems, Inc., irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on February 20, 2015, "Lay [sic] Ley Recovery Systems, Inc. entered into an agreement under Florida law with MSPA Claims 1, LLC irrevocably assigning its right to recover conditional payments under the MSP law as assigned from Florida Healthcare Plus, Inc. Next, Plaintiffs allege that "a Settlement Agreement was entered into….[and] [s]uch agreement confirmed the ownership of all of Florida Healthcare Plus, Inc.'s claims relating to conditional payments under the MSP law to MSPA Claims 1, LLC, ultimately." Plaintiffs further allege that on June 14, 2016, the "Settlement Agreement was approved by the Leon County Court of Florida."

Plaintiffs lack standing because the agreements upon which they rely is facially and materially flawed. This agreements fail to convey the rights as alleged, for reasons including, but not limited to: the La Ley Recovery Systems

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Agreement expired in 2015 or 2016 (if it was renewed) and that expiration and any other termination could not be cured by any subsequent agreement with the Florida Department of Financial Services.

g.    Assignor EmblemHealth Services Company, LLC.

Plaintiffs allege that on March 20, 2018, EmblemHealth Services Company, LLC entered into an agreement "with MSP Recovery Claims, Series LLC, pursuant to Series 16-08-483, irrevocably assigning its right to recover conditional payments under the MSP law" under New York law.

Plaintiffs lack standing because the assignment upon which they rely is facially and materially flawed. This assignment fails to convey the rights as alleged, for reasons including, but not limited to: (1) the named Plaintiffs are not the ultimate "assignees" of anything and are not even parties to the alleged transaction; (2) the assignment assigns only those rights concerning "Medicare [h]ealth [c]are [s]ervices that were rendered and paid for by [the assignor] during the six ... year period beginning September 29, 2011 and ending September 29, 2017" and Plaintiffs failed to allege the date that any payments were made either in the Fourth Amended Complaint or its Exhibit A (*see, e.g., MSP Recovery Claims, Series LLC v. Tech. Ins. Co.*, No. 18-08036, 2020 WL 91540, at *4 (S.D.N.Y. Jan. 9, 2020)[1] (dismissing action for lack of standing and explaining that "the Court does not and cannot know if [the assignor's] payment was made between September 29, 2011 and September 29, 2017, and thus, whether Plaintiffs have been assigned the rights to recover conditional payments"); (3) the assignment specifically excludes all claims that "have been assigned to and/or are being pursued by other recovery vendors" and Plaintiffs failed to sufficiently allege that the claims on Exhibit A have not previously

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[1] The analysis in *Tech. Ins. Co.* concerns an assignment from Health Insurance Plan of Greater New York, which was also executed by EmblemHealth Services Company, LLC and Group Health, Inc. This same assignment at issue in *Tech Ins. Co.* is at issue in this case as to all three entities.

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

been assigned to another recovery vendor or were not already being pursued by another recovery vendor. (*Id.* (finding that the failure "to allege that the representative claims were never assigned to or are being pursued by other recovery vendors" is a fatal flaw); and (4) the March 20, 2018 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs failed to sufficiently allege the terms of "Series 16-08-483," pursuant to which Plaintiffs allege the assignment was purportedly made.

> h. Assignor Health Insurance Plan of Greater New York.

Plaintiffs allege that on March 20, 2018, Health Insurance Plan of Greater New York entered into an agreement "with MSP Recovery Claims, Series LLC, pursuant to Series 16-08-483, irrevocably assigning its right to recover conditional payments under the MSP law" under New York law.

Plaintiffs lack standing because the assignment upon which they rely is facially and materially flawed. This assignment fails to convey the rights as alleged, for reasons including, but not limited to: (1) the named Plaintiffs are not the ultimate "assignees" of anything and are not even parties to the alleged transaction; (2) the assignment assigns only those rights concerning "Medicare [h]ealth [c]are [s]ervices that were rendered and paid for by [the assignor] during the six ... year period beginning September 29, 2011 and ending September 29, 2017" and Plaintiffs failed to allege the date that any payments were made either in the Fourth Amended Complaint or its Exhibit A (*see, e.g., MSP Recovery Claims, Series LLC v. Tech. Ins. Co.*, No. 18-08036, 2020 WL 91540, at *4 (S.D.N.Y. Jan. 9, 2020)[2] (dismissing action for lack of standing

---

[2] The analysis in *Tech. Ins. Co.* addresses an alleged assignment from Health Insurance Plan of Greater New York that also covers assignors EmblemHealth Services Company, LLC and Group Health, Inc. This same assignment is at issue in this case as to all three entities.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

and explaining that "the Court does not and cannot know if [the assignor's] payment was made between September 29, 2011 and September 29, 2017, and thus, whether Plaintiffs have been assigned the rights to recover conditional payments"); (3) the assignment specifically excludes all claims that "have been assigned to and/or are being pursued by other recovery vendors" and Plaintiffs failed to sufficiently allege that the claims on Exhibit A have not previously been assigned to another recovery vendor or were not already being pursued by another recovery vendor. (*Id.* (finding that the failure "to allege that the representative claims were never assigned to or are being pursued by other recovery vendors" is a fatal flaw)); and (4) the March 20, 2018 agreement post-dates the filing of this case and therefore Plaintiffs lacked  standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs failed to sufficiently allege the terms of "Series 16-08-483," pursuant to which Plaintiffs allege the assignment was purportedly made.

i.   Assignor Group Health Inc.

Plaintiffs allege that on March 20, 2018, Group Health Inc. entered into an agreement "with MSP Recovery Claims, Series LLC, pursuant to Series 16-08-483, irrevocably assigning its right to recover conditional payments under the MSP law" under New York law.

Plaintiffs lack standing because the assignment upon which they rely is facially and materially flawed. This assignment fails to convey the rights as alleged, for reasons including, but not limited to: (1) the named Plaintiffs are not the ultimate "assignees" of anything and are not even parties to the alleged transaction; (2) the assignment assigns only those rights concerning "Medicare [h]ealth [c]are [s]ervices that were rendered and paid for by [the assignor] during the six ... year period beginning September 29, 2011 and ending September 29, 2017" and Plaintiffs failed to allege the date that any payments

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

were made either in the Fourth Amended Complaint or its Exhibit A (*see, e.g., MSP Recovery Claims, Series LLC v. Tech. Ins. Co.*, No. 18-08036, 2020 WL 91540, at *4 (S.D.N.Y. Jan. 9, 2020)[3] (dismissing action for lack of standing and explaining that "the Court does not and cannot know if [the assignor's] payment was made between September 29, 2011 and September 29, 2017, and thus, whether Plaintiffs have been assigned the rights to recover conditional payments"); (3) the assignment specifically excludes all claims that "have been assigned to and/or are being pursued by other recovery vendors" and Plaintiffs failed to sufficiently allege that the claims on Exhibit A have not previously been assigned to another recovery vendor or were not already being pursued by another recovery vendor. (*Id.* (finding that the failure "to allege that the representative claims were never assigned to or are being pursued by other recovery vendors" is a fatal flaw)); and (4) the March 20, 2018 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs failed to sufficiently allege the terms of "Series 16-08-483," pursuant to which Plaintiffs allege the assignment was purportedly made.

      j.      <u>Assignor Connecticare, Inc.</u>

Plaintiffs allege that on March 20, 2018, Connecticare, Inc. entered into an agreement "with MSP Recovery Claims, Series LLC, pursuant to Series 15-09-157 [sic], irrevocably assigning its right to recover conditional payments under the MSP law" under Connecticut law.

Plaintiffs lack standing because the assignment upon which they rely is facially and materially flawed. This assignment fails to convey the rights as

---

[3] The analysis in *Tech. Ins. Co.* addresses an alleged assignment from Health Insurance Plan of Greater New York that also covers assignors EmblemHealth Services Company, LLC and Group Health, Inc. This same assignment is at issue in this case as to all three entities.

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

alleged, for reasons including, but not limited to: (1) the named Plaintiffs are not the ultimate "assignee" of anything and are not even parties to the alleged transaction; (2) the purported agreement contains no signature (or even any acknowledgment) on behalf of the purported assignee to reflect that the assignee accepted the purported assignment; (3) the purported agreement excludes certain unidentified claims yet it contains no list of which claims were included and which were excluded; and (4) the March 20, 2018 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case.   In addition, Plaintiffs failed to sufficiently allege the terms of "Series 15-09-157," pursuant to which Plaintiffs allege the assignment was purportedly made.

      k.     Assignor AvMed, Inc.

Plaintiffs allege that on August 16, 2019, AvMed, Inc. entered into an agreement "with MSP Recovery Claims, Series LLC, pursuant to the Series 17-03-615 [sic], irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law.

Plaintiffs lacks standing because the assignment upon which they rely is facially and materially flawed. This assignment fails to convey the rights as alleged, for reasons including, but not limited to: (1) the named Plaintiffs are not the ultimate "assignee" of anything and are not even parties to the alleged transaction; (2) the purported agreement contains no signature (or even any acknowledgment) on behalf of the purported assignee to reflect that the assignee accepted the purported assignment; and (3) the August 16, 2019 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs failed to sufficiently allege the terms of the "Series 17-03-615," pursuant to which Plaintiffs allege

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

1     the assignment was purportedly made.

2            l.     Assignor Dean Health Plan, Inc.

3            Plaintiffs allege that on September 24, 2018, Dean Health Plan, Inc.

4     "entered into an agreement with MSP Recovery, LLC irrevocably assigning its

5     right to recover conditional payments under the MSP law" under Wisconsin

6     law; then on August 15, 2019, "MSP Recovery, LLC entered into an agreement

7     with MSP Recovery Claims, Series LLC, pursuant to Series 15-09-354,

8     irrevocably assigning its right to recover conditional payments . . . as assigned

9     from Dean Health Plan, Inc." Plaintiffs allege that the second assignment was

10    "entered into under Florida law."

11           Plaintiffs lack standing because the assignments upon which they rely are

12    facially and materially flawed. These assignments fail to convey the rights as

13    alleged, for reasons including, but not limited to: (1) neither of the named

14    Plaintiffs are the ultimate "assignees" of anything and they are not even a party

15    to any of the alleged transactions notwithstanding Plaintiffs' allegation to the

16    contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The

17    signatories of both parties to the August 15, 2019 agreement appear to be

18    persons signing on behalf of entities other than the parties to the agreement,

19    with no explanation whatsoever (e.g., Series 15-09-354 has as its signatory

20    "Series MRCS, a designated series of MDA, Series, LLC"); and (4) the

21    September 24, 2018 agreement post-dates the filing of this case and therefore

22    Plaintiffs lacked standing under that agreement at the time the case was filed

23    and standing must exist at the inception of the case.  In addition, Plaintiffs have

24    failed to sufficiently allege the terms of "Series 15-09-354" pursuant to which

25    the second assignment was purportedly "entered into."

26           m.     Assignor Family Physicians of Winter Park, Inc. d/b/a Family
27                  Physicians Group.

28           Plaintiffs allege that on October 6, 2017, Family Physicians of Winter

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

Park, Inc d/b/a Family Physicians Group "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on October 10, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 17-05-634, irrevocably assigning its right to recover conditional payments . . . as assigned from Family Physicians Group." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the October 10, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 17-05-634 has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) the October 6, 2017 agreement could not be further assigned by the initial assignee without the assignor's consent and no such consent has been alleged; (5) Family Physicians of Winter Park, Inc. d/b/a Family Physicians Group has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; (6) the October 6, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 17-05-634" pursuant to which the second assignment was purportedly "entered into."

n.      <u>Assignor Health First Administrative Plans</u>.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Plaintiffs allege that on April 28, 2016, "Health First Administrative

2    Plans ["HFAP"], on behalf of Health First Health Plans, entered into an

3    agreement with MSP Recovery, LLC irrevocably assigning its right to recover

4    conditional payments under the MSP law" under Florida law; then on June 12,

5    2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery

6    Claims, Series LLC, pursuant to Series 16-05-456, irrevocably assigning its

7    right to recover conditional payments . . . as assigned from Health First Health

8    Plans ["HFHP"]." Plaintiffs allege that the second assignment was "entered into

9    under Florida law."

10    Plaintiffs lack standing because the assignments upon which they rely are

11    facially and materially flawed. These assignments fail to convey the rights as

12    alleged, for reasons including, but not limited to: (1) neither of the named

13    Plaintiffs are the ultimate "assignees" of anything and they are not even a party

14    to any of the alleged transactions notwithstanding Plaintiffs' allegation to the

15    contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the

16    signatories of both parties to the June 12, 2017 agreement appear to be persons

17    signing on behalf of entities other than the parties to the agreement, with no

18    explanation whatsoever (e.g., Series 16-05-456, LLC has as its signatory

19    "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) Plaintiffs fail to

20    plausibly allege how HFAP entered into the April 28, 2016 agreement "*on

21    behalf of Health First Health Plans*"; (5) even if the June 12, 2017 agreement

22    assigned HFAP's right to recover to Plaintiffs, this would not convey standing

23    to Plaintiffs in this case because here Plaintiffs seek to recover based on alleged

24    injury to HFHP; (6) even if the June 12, 2017 agreement assigned HFAP's right

25    to recover to Plaintiffs, this would not convey standing to Plaintiffs in this case

26    because HFAP has suffered no injury; and (7) the June 12, 2017 agreement

27    post-dates the filing of this case and therefore Plaintiffs lacked standing under

28    that agreement at the time the case was filed and standing must exist at the

inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 16-05-456" pursuant to which the second assignment was purportedly "entered into." In *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.,* the court addressed "*exactly the same* HFHP/HFAP assignment documents on which Plaintiffs rely here. . . [and] affirmed the district court's dismissal of the case, holding that these documents were insufficient to provide the plaintiffs with standing." *MSP Recovery Claims, Series LLC v. AIX Specialty Ins. Co.*, No. 18-1456, at *9 (M.D. Fla. Aug. 10, 2020), *app. dismissed*, citing *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210 (11th Cir. 2020).

o.     Assignor Risk Watchers, Inc.

Plaintiffs allege that on February 18, 2016, Risk Watchers, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-09-31, irrevocably assigning its right to recover conditional payments . . . as assigned from Risk Watchers, Inc." Plaintiffs allege that the second assignment was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-09-31 LLC has as its signatory "Series

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

MRCS, LLC, its Manager, John H. Ruiz"); (4) Risk Watchers, Inc. has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-09-31" pursuant to which the second assignment was purportedly "entered into."

   p.   <u>Assignor Hygea Health Holdings, Inc.</u>

   Plaintiffs allege that on September 14, 2015, Hygea Health Holdings, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-08-19, irrevocably assigning its right to recover conditional payments . . . as assigned from Hygea Health Holdings, Inc." Plaintiffs allege that the second assignment was "entered into under Delaware law."

   Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-08-19, LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) the September 14, 2015

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

agreement was for a term of five years and Plaintiffs fail to allege that the agreement was not terminated upon its expiration; (5) Hygea Health Holdings, LLC went through Chapter 11 bankruptcy in 2020 and the September 14, 2015 agreement was rejected and not affirmed; (6) Hygea Health Holdings, Inc. has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (7) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-08-19" pursuant to which the second assignment was purportedly "entered into."

q.  <u>Assignor Medical Consultants Management, LLC</u>.

Plaintiffs allege that on August 17, 2017, Medical Consultants Management, LLC "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on September 8, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 17-08-647, irrevocably assigning its right to recover conditional payments . . . as assigned from Medical Consultants Management, LLC." Plaintiffs allege that the second assignment was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

signatories of both parties to the September 8, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 17-08-647 LLC has as its signatory "Series MRCS, LLC, its Manager, John H. Ruiz"); (4) Medical Consultants Management has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the August 17, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked  standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 17-08-647" pursuant to which the second assignment was purportedly "entered into."

  r. <u>Assignor Network Health, Inc.</u>

  Plaintiffs allege that on August 9, 2017, Network Health, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Wisconsin law; then on August 10, 2019, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-09-355, irrevocably assigning its right to recover conditional payments . . . as assigned from Network Health, Inc." Plaintiffs allege that the second assignment was "entered into under Delaware law."

  Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the August 10, 2019 agreement appear to be

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-09-355 has as its signatory "Series MRCS, LLC, its Manager John H. Ruiz"); and (4) the August 9, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-09-355" pursuant to which the second assignment was purportedly "entered into."

s.   Assignor Preferred Primary Care, LLC.

Plaintiffs allege that on February 18, 2016, Preferred Primary Care, LLC "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 16-02-435, irrevocably assigning its right to recover conditional payments . . . as assigned from Preferred Primary Care, LLC." Plaintiffs allege that the second assignment was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 16-02-435 LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Preferred Primary Care, LLC has not been billed or charged for any conditional payments, nor has it made

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 16-02-435" pursuant to which the second assignment was purportedly "entered into."

t.    Assignor Physician Access Urgent Care Group, LLC.

Plaintiffs allege that on October 24, 2015, Physician Access Urgent Care Group, LLC "entered into an agreement with MSP Recovery 15-580, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery 15-580, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-10-362, irrevocably assigning its right to recover conditional payments . . . as assigned from Physician Access Urgent Care Group, LLC." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-10-362 LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Physician Access Urgent Care Group, LLC has not been billed or charged for any conditional payments, nor

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 16-10-362" pursuant to which the second assignment was purportedly "entered into."

> u.   Assignor Suncoast Medical Network 2.

Plaintiffs allege that on September 21, 2015, Suncoast Medical Network 2, Inc. "entered into an agreement with MSP Recovery 220, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery 220, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-08-10, irrevocably assigning its right to recover conditional payments . . . as assigned from Suncoast Medical Network 2, Inc." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-08-10 LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Suncoast Medical Network 2 has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-08-10" pursuant to which the second assignment was purportedly "entered into."

v.      Assignor Transatlantic Healthcare, LLC.

Plaintiffs allege that on November 3, 2015, Transatlantic Healthcare, LLC "entered into an agreement with MSP Recovery 15-131, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery 15-131, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-11-385, irrevocably assigning its right to recover conditional payments . . . as assigned from Transatlantic Healthcare, LLC." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-11-385, LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Transatlantic Healthcare, LLC not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT

agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-11-385" pursuant to which the second assignment was purportedly "entered into."

w.   Assignor Trinity Physicians, LLC.

Plaintiffs allege that on November 3, 2015, Trinity Physicians, LLC "entered into an agreement with MSP Recovery 15-592, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery 15-592, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 15-11-371, irrevocably assigning its right to recover conditional payments . . . as assigned from Trinity Physicians, LLC." Plaintiffs allege that the second assignment was "entered into under Florida law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 15-11-371, LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Trinity Physicians, LLC has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT

standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-11-371" pursuant to which the second assignment was purportedly "entered into."

> x.   Assignor Health Alliance Medical Plans, Inc.

Plaintiffs allege that on March 19, 2019, Health Alliance Medical Plans, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Illinois law; then on April 10, 2019, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 17-03-583, irrevocably assigning its right to recover conditional payments . . . as assigned from Health Alliance Medical Plans, Inc." Plaintiffs allege that the second assignment was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatory of the assignee to the second agreement appears to be a person signing on behalf of an entity other than this assignee, with no explanation whatsoever (e.g., Series 17-03-583 has as its signatory "Series MRCS, a designated series of MDA, Series LLC"); (4) Health Alliance Medical Plans, Inc. has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the March 19, 2019 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

exist at the inception of the case. In addition, Plaintiffs have failed to sufficiently allege the terms of "Series 17-03-583" pursuant to which the second assignment was purportedly "entered into."

y.     Assignor Medical IPA of the Palm Beaches, Inc.

Plaintiffs allege that on February 18, 2016, Medical IPA of the Palm Beaches, Inc. "entered into an agreement with MSP Recovery, LLC irrevocably assigning its right to recover conditional payments under the MSP law" under Florida law; then on June 12, 2017, "MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, pursuant to Series 16-02-436, irrevocably assigning its right to recover conditional payments . . . as assigned from Medical IPA of the Palm Beaches, Inc." Plaintiffs allege that the second assignment was "entered into under Delaware law."

Plaintiffs lack standing because the assignments upon which they rely are facially and materially flawed. These assignments fail to convey the rights as alleged, for reasons including, but not limited to: (1) neither of the named Plaintiffs are the ultimate "assignees" of anything and they are not even a party to any of the alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2) Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) The signatories of both parties to the June 12, 2017 agreement appear to be persons signing on behalf of entities other than the parties to the agreement, with no explanation whatsoever (e.g., Series 16-02-436 LLC has as its signatory "Series MRCS, LLC., its Manager John H. Ruiz"); (4) Medical IPA of the Palm Beaches, Inc. has not been billed or charged for any conditional payments, nor has it made any conditional payments or borne the cost of any conditional payments supposedly at issue in this Action or otherwise; and (5) the June 12, 2017 agreement post-dates the filing of this case and therefore Plaintiffs lacked standing under that agreement at the time the case was filed and standing must exist at the inception of the case. In addition, Plaintiffs have failed to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    sufficiently allege the terms of "Series 16-02-436" pursuant to which the second

2    assignment was purportedly "entered into."

3          z.    <u>Assignor Blue Cross Blue Shield of Massachusetts HMO Blue,</u>

4                <u>Inc</u>.

5          Plaintiffs allege that on December 18, 2018, Blue Cross Blue Shield of

6    Massachusetts HMO Blue, Inc. "entered into an agreement with MSP

7    Recovery, LLC, irrevocably assigning its right to recover conditional payments

8    under the MSP law" under Massachusetts law; then on October 18, 2019, "MSP

9    Recovery, LLC entered into an agreement with MSP Recovery Claims, Series

10   LLC, pursuant to Series 15-11-388, irrevocably assigning its right to recover

11   conditional payments . . . as assigned from Blue Cross Blue Shield of

12   Massachusetts HMO Blue, Inc." Plaintiffs allege that the second assignment

13   was "entered into under Florida law."

14         Plaintiffs lack standing because these assignments upon which they rely

15   (as set forth in Exhibit A to the Fourth Amended Complaint), are facially and

16   materially flawed. These assignments fail to convey the rights as alleged, for

17   reasons including, but not limited to: (1) neither of the named Plaintiffs are the

18   ultimate "assignees" of anything and they are not even a party to any of the

19   alleged transactions notwithstanding Plaintiffs' allegation to the contrary; (2)

20   Plaintiff MSPA Claims 1, LLC is not even mentioned; (3) the signatory of the

21   assignee to the second agreement appears to be a person signing on behalf of an

22   entity other than this assignee, with no explanation whatsoever (e.g., Series 15-

23   11-388 has as its signatory "Series MRCS, a designated series of MDA, Series

24   LLC"); and (4) the December 18, 2018 agreement post-dates the filing of this

25   case and therefore Plaintiffs lacked standing under that agreement at the time

26   the case was filed and standing must exist at the inception of the case. In

27   addition, Plaintiffs have failed to sufficiently allege the terms of "Series 15-11-

28   388" pursuant to which the second assignment was purportedly "entered into."

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

4.      Some or all of Plaintiffs' and/or the putative class members' claims and requests for relief are barred in whole or in part because Plaintiffs lacked and/or have not maintained standing throughout the entire duration of this lawsuit, in that some or all of Plaintiffs' assignment agreements upon which Plaintiffs rely have been terminated prior to Plaintiffs' filing of the operative Fourth Amended Class Action Complaint in this action.

5.      Some or all of Plaintiffs' and/or the putative class members' claims and requests for relief are barred in whole or in part because some or all of Plaintiffs' assignment agreements upon which Plaintiffs rely do not contain and/or identify the specific claims that are purportedly assigned and/or conveyed to Plaintiffs.  None of the agreements specifically state what is being "assigned."   Without explicit allegations and proof of such, Plaintiffs fail to establish that the claims sued upon have been conveyed.

6.      Some or all of Plaintiffs' and/or the putative class members' claims and requests for relief are barred in whole or in part because Plaintiffs lacked and/or have not maintained standing throughout the entire duration of this lawsuit.  In support of this affirmative defense, Defendants allege the following:   The limited liability company operating agreements and/or amendments thereto concerning Plaintiffs on which Plaintiffs assert standing to pursue the purported causes of action and requests for relief asserted in the Complaint were executed and made after this lawsuit was filed.

7.      To the extent Plaintiffs seek to include entities other than Medical Advantage Organizations in the lawsuit and/or in the putative class, such as medical service organizations, providers, or managers ("Non-MAO Assignors"), such Non-MAO Assignors cannot properly bring a claim pursuant to the Medicare Secondary Payer Act.  At least the following purported Assignors are not Medicare Advantage Organizations: (1) EmblemHealth Services Company, LLC, (2) Verimed IPA, LLC, (3) Plum Healthcare, LLC, (4) Health Care Advisors Services, Inc., and (5) MCCI

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Group Holdings, LLC. None of these purported Assignors are identified on the official government CMS website of approved Medicare Advantage Organizations. The Non-MAO Assignors appear to be private entities that have private, non-governmental contracts with Medicare Advantage Organizations to do some unspecified part of the management of enrollees' care. Claims by these types of entities are not actionable under the Medicare Secondary Payer Act because the types of entities referred to by Plaintiffs (e.g., MSO, IPAs, etc.) are not interchangeable with Medicare Advantage Organizations for purposes of suing under 42 U.S.C. § 1395y(b)(3)(A). Non-MAO Assignor middlemen cannot – and do not – have the ability to invoke 42 U.S.C. § 1395y(b)(3)(A) and sue for reimbursement because they do not provide the same functions as Medicare Advantage Organizations; they are not paid with Medicare Trust Funds (they are paid privately); they do not make conditional primary payments to the providers for medical services for Medicare beneficiaries (Medicare Advantage Organizations make these payments); they do not pay providers and cannot sue for "reimbursement" of anything; they do not use and are not seeking reimbursement of Medicare Trust Funds (they are seeking payment for their own coffers and, here, Plaintiffs' coffers); there is no precedent for allowing entities that are not Medicare Advantage Organizations to bring these reimbursement claims; and, allowing them to do so will create conflict where Medicare Advantage Organizations may have real standing to sue for the same set of bills.

8.     Plaintiffs have not sufficiently plead or established facts to state a viable claim against Defendants, such that the allegations and causes of action asserted in the Complaint are uncertain, vague and ambiguous, and fail to meet the applicable pleading requirements or to put Defendants on sufficient notice of the claims raised against them. In support of this affirmative defense, Defendants allege the following: Plaintiffs have failed to allege and/or establish, among other things: the date of the accident or occurrence involving the Medicare enrollee; the specific amount Plaintiffs or Assignors paid on any bill for medical services related to that accident or

1   occurrence, the injuries sustained or treated and type of medical service that was the

2   subject of the bill paid, or any other facts establishing that billed medical services

3   were reasonable, necessary or related to the accident; to whom Plaintiffs or Assignors

4   allegedly paid such a bill and when; whether a proper recovery demand letter was

5   provided to each Defendant; or that each Defendant was on notice of its alleged

6   primary payment responsibility, or on notice of the payment and still refused to

7   reimburse Assignors or Plaintiff. Plaintiffs also fail to plead or establish any facts

8   demonstrating that any Defendant was served with a proper recovery demand letter,

9   which is required before a primary plan is obligated to make any payment. 42 C.F.R. §

10  411.22(c).

      9.   Plaintiffs lack standing to sue, and there is no subject matter jurisdiction

11  over this action because Plaintiffs must have a valid assignment from each purported

12  assignor identified with each exemplar claim in the Complaint in order to recover

13  funds arguably due to that alleged assignor. Absent such valid assignments, which

14  Plaintiffs have failed to establish they have (for example, the named Plaintiffs are not

15  the ultimate "assignee" and are not a party to the alleged transaction; and the

16  purported agreements are incomplete and contain no signature or acknowledgment on

17  behalf of the purported assignee), Plaintiffs lack standing to sue, and there is no

18  subject matter jurisdiction over this action. Defendants are also entitled to challenge

19  the standing of Plaintiffs in connection with each purported assignor and also for each

20  putative class member for each and every disputed medical transaction on this issue.

      10.   Plaintiffs lack standing to sue, and there is no subject matter jurisdiction

22  over this action because not all Enrollees identified with the exemplar claims are

23  named insureds on policies issued by one of the Defendants and, even if they were,

24  Plaintiffs must have a valid assignment from each such Enrollees in order to recover

25  funds arguably due under their respective insurance policies with Defendants. Absent

26  such a valid assignment, which Plaintiffs have failed to establish they have, Plaintiffs

27  lack standing to sue, and there is no subject matter jurisdiction over the action.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

1    Defendants are also entitled to challenge the standing of Plaintiffs in connection with
2    each purported assignor and also for each putative class member for each and every
3    disputed medical transaction on this issue.

4         11.    Plaintiffs lack standing to sue, and there is no subject matter jurisdiction
5    over this action because Plaintiffs fail to allege or establish they are a third-party
6    beneficiary of the insurance policy issued by Defendants to the extent that any of the
7    Enrollees identified with the exemplar claims are named insureds on such policies.
8    Absent such a showing, Plaintiffs lack standing to sue and there is no subject matter
9    jurisdiction over this action. Defendants are also entitled to challenge the standing of
10   Plaintiffs in connection with each purported assignor and also for each putative class
11   member for each and every disputed medical transaction on this issue.

12        12.    Plaintiffs lack standing to sue, and there is no subject matter jurisdiction
13   over this action because Plaintiffs have failed to plead any facts showing that their
14   purported assignments cover the specific claims upon which they sue.  Absent
15   sufficient factual allegations and evidence, Plaintiffs lack standing to sue, and there is
16   no subject matter jurisdiction over the claims in the action. Defendants are also
17   entitled to challenge the standing of Plaintiffs in connection with each purported
18   assignor and also for each putative class member for each and every disputed medical
19   transaction on this issue.

20        13.    Plaintiffs' requests for relief are barred because the Enrollees / insurance
21   policy claimants failed to notify Defendants that they were enrolled in an MAO and/or
22   failed to notify Defendants that some and/or all of their medical expenses had been
23   paid by MAOs.

24        14.    Plaintiffs' requests for relief are barred because the Enrollees are
25   necessary and/or indispensable parties to the action to the extent that the Enrollees
26   accepted Med-Pay and/or PIP benefits, knew about the MAOs' payments to their
27   medical providers, and failed to reimburse the MAOs from the Enrollees' / claimants'
28   policy proceeds.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

15.    Plaintiffs' and the putative class members' claims are barred to the extent they cannot establish that the Enrollees' treatment was for injuries related to the accidents covered by the insurance policies in question, or that all of the bills at issue were reasonable or for medically necessary services, which Plaintiffs have failed to do with respect to the Enrollees identified in the exemplar claims or any other claims.

16.    Some or all of Plaintiffs' and/or the putative class members' claims and requests for relief are time-barred in whole or in part to the extent those claims arose outside the applicable 3-year statute of limitations and/or are limited by and subject to the applicable 3-year statute of limitations.

17.    Some or all of Plaintiffs' and the putative class members' claims and requests for relief based on breach of contract are barred in whole or in part because Defendants fully performed under the alleged contracts.

18.    Some or all of Plaintiffs' and the putative class members' claims and requests for relief based on breach of contract are barred in whole or in part because Plaintiffs, Plaintiffs' alleged assignors or the putative class members did not comply with the terms and conditions in the contract including without limitation those terms and conditions which require lawsuits related to the policy to be brought in the state or federal court located in the state in which the insured's premises are located, which require notice of the accident to be provided to a Defendant within 30 days, which require proof of a claim for health services expenses within 45 days after services are rendered (except when there is written proof providing clear and reasonable justification for failure to comply with such time limitation), which require execution of written proof of claims under oath, which require submission to medical exams, and/or which require execution of authorizations to obtain medical records.

19.    Some or all of Plaintiffs' and the putative class members' claims and requests for relief are barred in whole or in part because the alleged injuries, if any, were not proximately caused by any acts or omissions of Defendants.

20.    Some or all of Plaintiffs' and the putative class members' claims and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  requests for relief are barred in whole or in part to the extent that the alleged medical

2  bills at issue already were paid by a Defendant or some other person or entity.

3      21.   Some or all of Plaintiffs' and the putative class members' claims and

4  requests for relief are barred in whole or in part to the extent that Defendants were not

5  timely provided, or were never provided, with notice of the alleged medical bills or

6  payments at issue, and/or notice of primary payment responsibility under 42 C.F.R.

7  § 411.25 and/or other statutes, regulations and/or portions of the Medicare Secondary

8  Payer Act.

9      22.   Some or all of Plaintiffs' and the putative class members' claims and

10  requests for relief are barred in whole or in part to the extent that Plaintiffs, their

11  assignors and/or class members and their assignors are either: not "entities designated

12  to receive payment" under 42 C.F.R. § 411.22 of the Medicare Secondary Payer Act;

13  or Plaintiffs failed to serve proper "recovery demand letters" under 42 C.F.R. § 411.22

14  of the Medicare Secondary Payer Act.

15      23.   Some or all of Plaintiffs' and the putative class members' claims and

16  requests for relief are barred in whole or in part by Plaintiffs' failures to comply with

17  (or show compliance with) conditions precedent to suit, including without limitation

18  compliance with the pre-suit demand letter requirements set forth in applicable state

19  statutes (see e.g., Section 627.736(10), Florida Statutes).

20      24.   Some or all of Plaintiffs' and the putative class members' claims and

21  requests for relief are barred in whole or in part by Plaintiffs' failures to comply with

22  (or show compliance with) conditions precedent to suit, including meeting the

23  federally-set threshold claim amount requirement.

24      25.   Some or all of Plaintiffs' and the putative class members' claims and

25  requests for relief are barred in whole or in part by Plaintiffs' failure to comply with

26  (or show compliance with) conditions precedent to making a "conditional" payment,

27  including without limitation that the primary payer was notified of the expenses and

28  bills allegedly at issue, that an MAO or other payer made efforts to attempt to identify

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

primary payers, and that a determination was made that payment had not been made or could not reasonably be expected to be made promptly by a primary payer.

26.     Some or all of Plaintiffs' and the putative class members' claims and requests for relief are barred in whole or in part because the alleged medical bills and or services for which payments or reimbursements are sought were not timely, reasonable, medically necessary, do not arise out of the ownership, maintenance, or use of a motor vehicle, or otherwise do not qualify for coverage or payment pursuant to applicable state statutes and/or the applicable policies of insurance issued by Defendants.

27.     Some or all of Plaintiffs' and the putative class members' claims are or may be barred based on their failure to mitigate damages.  This is so to the extent Plaintiffs or their alleged assignors or the putative class members automatically paid bills regardless whether a primary payer existed or otherwise failed to coordinate benefits with primary payers such as Defendants.  For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignors paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and did not seek to first coordinate benefits with primary payers, which may have resulted in, among other things, exhaustion of policy benefits.

28.     Some or all of Plaintiffs' and the putative class members' claims are or may be barred based on their failure to fulfill their obligations to coordinate benefits. For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignors paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and did not seek to first coordinate benefits with primary payers.

29.     Some or all of Plaintiffs' and the putative class members' claims are or may be barred by the doctrine of estoppel.  For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignors paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

did not seek to first coordinate benefits with primary payers. To the extent Plaintiffs or their assignors created the situation about which Plaintiffs now complains, Plaintiffs are estopped from pursuing the claims.

30. Some or all of Plaintiffs' and the putative class members' claims are or may be barred by the doctrine of waiver. For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignors paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and did not seek to first coordinate benefits with primary payers. To the extent Plaintiffs or their assignors created the situation about which Plaintiffs now complains, they waived the right to pursue the claims.

31. Some or all of Plaintiffs' and the putative class members' claims are or may be barred by the application of the voluntary payment doctrine. For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignors paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and did not seek to first coordinate benefits with primary payers.

32. Some or all of Plaintiffs' or the putative class members' claims are or may be barred by the doctrine of res judicata and/or claim preclusion to the extent there was any previous suit against a Defendant or against a Defendant's insured for the claims at issue in this lawsuit and/or those claims were resolved in prior litigation.

33. Some or all of Plaintiffs' or the putative class members' claims are or may be barred by the doctrine of laches.

34. Some or all of Plaintiffs' or the putative class members' claims are or may be subject to setoff to the extent a Defendant has paid all or some of the medical bills which are the subject of this lawsuit.

35. Some or all of Plaintiffs' or the putative class members' claims are or may be barred by release to the extent a settlement was reached regarding the medical bills which are the subject of this lawsuit.

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

36.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred by accord and satisfaction to the extent a Defendant or an entity or individual other than Plaintiffs' assignors or the putative class members has paid or reimbursed all or some of the medical bills which are the subject of this lawsuit and those payments have been accepted by Plaintiffs, Plaintiffs' assignors, the medical providers who issued the medical bills, or any of the putative class members.

37.     Some or all of Plaintiffs' and the putative class members' claims are or may be barred based on lack of causation between any alleged conduct by a Defendant and the alleged injuries. For example, the allegations regarding the exemplar claims indicate that Plaintiffs' purported assignor paid bills automatically regardless of whether there was any inquiry into whether a primary payer existed, and did not seek to first coordinate benefits with primary payers. Thus, it was Plaintiffs' (or its assignors') conduct which resulted in the alleged harm -- *i.e.,* a Defendant's alleged failure to pay the disputed bills on a primary basis -- not any conduct by a Defendant.

38.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred to the extent the applicable insurance policy benefits have been exhausted, denied or not paid because of the terms of the specific applicable coverage.

39.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred or not recoverable because the charges sought may be excessive and/or may not accurately reflect actual amounts billed, paid and/or incurred.

40.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred by failure to comply with necessary conditions precedent to bring a cause of action under the applicable Medicare laws.

41.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred in whole or in part because they fail to meet the federally-set threshold claim amount requirement under the applicable Medicare laws.

42.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred by failure to comply with necessary conditions precedent to bring a cause of

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

action under the applicable states' laws for seeking payments under insurance policies, including without limitation compliance with the pre-suit demand letter requirements set forth in Section 627.736(10), Florida Statutes.

43.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred because the assignors and/or putative class members and or putative class members' assignors are entities other than Medicare Advantage Organizations which do not have the right pursuant to their contracts with the Medicare Advantage Organizations that enroll the Enrollees to seek payment, reimbursement and/or damages related to the medical treatment and/or services for Enrollees.

44.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred because the assignors and/or putative class members and or putative class members' assignors are entities other than Medicare Advantage Organizations which did not directly pay the actual medical provider that treated the Enrollee and/or did not reimburse the Enrollee's Medicare Advantage Organization that paid the medical provider the amount sought in this action.

45.     Some or all of Plaintiffs' or the putative class members' claims are or may be barred in whole or in part to the extent that Defendants were never or not timely provided with the alleged medical bills or payments at issue, and/or notice thereof, and/or of any demands for payment prior to this Action, as required under the Medicare Secondary Payer Act, the insurance policies, and applicable state laws.

46.     Plaintiffs' exemplar claims are improperly joined because they arise from separate transactions and occurrences; and, each claim by each Plaintiff on behalf of each of its alleged assignors (including the exemplar claims and any others) must be brought in separate actions because they each arise from separate transactions and occurrences.

47.     This action is not maintainable as a class action because Plaintiffs proposed an improper fail-safe class.

48.     This action is not maintainable as a class action because Plaintiffs fail to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and cannot satisfy the applicable requirements for certifying a class, including numerosity, commonality, typicality, adequacy, and predominance.

49.     This action is not maintainable as a class action because assignors and members of the putative class have adverse and antagonistic interests, such that the class cannot be certified and fails as a matter of law.

50.     This action is not maintainable as a class action because Plaintiffs have interests adverse to certain members of the class and thus are not adequate representatives.

51.     This action is not maintainable as a class action because class counsel and Plaintiffs are too closely related for either to be adequate.

52.     This action is not maintainable as a class action because membership in the putative class, as defined in the Complaint, cannot be ascertained including without limitation from records maintained by Defendants.

53.     Some or all of Plaintiffs' assignors cannot be included in a class because the assignors do not fall within the class definition set forth in the Complaint.

54.     This action is not maintainable as a class action because Plaintiffs fail to and cannot satisfy the applicable requirements for certifying a class considering that the claims implicate a host of complex and individualized factual inquiries and varying legal defenses that will require a series of mini-trials.

55.     This action is not maintainable as a class action because questions of fact pertaining to each of Plaintiffs' assignors' individual claims and each of the putative class members' individual claims, as well as different defenses pertaining to each, will predominate over common legal questions.

56.     This action is not maintainable as a class action because for each of the putative class member's individual claims, each putative class member will be required to demonstrate compliance with conditions precedent to suit, including without limitation meeting the federally-set threshold claim amount requirement and relevant state law requirements such as the pre-suit demand letter requirement set

forth in Section 627.736(10), Florida Statutes.

57.     This action is not maintainable as a class action because the charges billed by some of Plaintiffs' alleged assignors or by some putative class members may be excessive, billed more than once for the same alleged medical treatment, and/or billed for services not actually rendered.

58.     The Complaint and its associated requests for relief are barred in whole or in part because Plaintiffs and/or Plaintiffs' alleged assignors are not parties to the automobile or other insurance policies issued by Defendants, and therefore cannot sue for breach of those policies without at minimum proof of subrogation contracts with each and every enrollee whose medical bills are at issue and without proof that each and every enrollee was a named insured on an insurance policy issued by Defendants.

59.     Some or all of Plaintiffs' requests for relief under a breach of contract claim are barred because there is no contract between a Defendant and a third party Enrollee such that the third party Enrollee has no contract rights that can be subrogated to a MAO and then assigned to Plaintiffs.

60.     Some or all of Plaintiffs' requests for relief are barred because the third party Enrollee and/or his or her attorney is a necessary but missing party to this action in that the third party Enrollee and/or his or her attorney who received the settlement funds were obligated to pay and/or reimburse medical liens including without limitation any MAO liens and purportedly failed to do so.

61.     Any claims purportedly assigned to Plaintiffs other than the claims alleged in Exhibit "A" to the Complaint are barred and cannot be included in the purported class.

62.     Any claims purportedly assigned to Plaintiffs than the claims alleged in Exhibit "A" to the Complaint are barred due to the deadlines including without limitation amendment deadlines set forth in the Court's Orders and/or the Special Master's Orders and/or due to Plaintiffs' failures to identify and/or allege such claims with specificity.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

57027219;1                 60                 2:17-cv-02559-CAS-PLA
DEFENDANTS' CONSOLIDATED ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT

63. Defendants reserve the right to add and assert any further additional defenses that are discovered during the course of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants jointly and severally pray for judgment as follows:

1. That judgment be rendered in favor of Defendants, and each of them, and against Plaintiffs, and each of them;

2. That Plaintiffs take nothing and be afforded no relief by reason of their Complaint and that the Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs and expenses according to proof; and

4. That Defendants be granted such other and further relief as is just and proper.

Dated: March 8, 2021        **AKERMAN LLP**

                        By:  */s/ Valerie Greenberg*
                               Valerie Greenberg
                               Michael R. Weiss
                               *Attorneys for Defendants*

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    **DEMAND FOR JURY TRIAL**

2    Defendants hereby demand a jury trial for all claims submitted to the jury.

3

4    Dated: March 8, 2021                    **AKERMAN LLP**

5                                    By:  */s/ Valerie Greenberg*
                                         Valerie Greenberg
6                                        Michael R. Weiss
7                                        *Attorneys for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28